MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS v. J. D. ROGERS.

No. 557 —Decided May 20, 1897

### 1. Railway Crossing—Obstructed View—Charge.

See charge held erroneous in making the failure of a railway company to prevent the obstruction of the view at a crossing negligence. (P. 55.)

### 2. Same—Negligence—Contributory Negligence.

The obstruction to the view had a material bearing on the contributory negligence of plaintiff, and might be considered as well to show want of care on his part as to excuse his failure to see. The existence of such obstructions, with other circumstances, were likewise proper to be considered upon the question of the degree of care which defendant was bound to exercise in the running and management of its trains and giving warning of its approach. (Pp. 56, 57.)

### 3. Same.

The existence of such obstructions could not, however, be an independent ground for recovery. (Cordell v. Railway, 70 N. Y., 119.) (Pp. 56, 57.)

### 4. Contributory Negligence—Crossing—Stop, Look or Listen—Charge.

See charge, applying the general requirement of ordinary care on the part of one approaching a railway crossing to the question of his duty to stop, look or listen, held properly refused, because leaving to the jury only by inference the question whether such failure was negligence, or was a cause of the injury; but which, if properly framed, should have been given, as a specific application of the general principle given in the charge to the facts of the case. (Railway v. McGlamory, 89 Texas, 635, reaffirmed on this point.) (Pp. 57, 58.)

### 5. Same—Driver—Imputed Negligence.

Plaintiff's right of recovery could not be defeated by the negligence of the person in whose wagon he was riding. (P. 58.)

### 6. Placing in Peril—Acts Under Terror.

One who, by his negligence, has placed another in a position of peril is responsible for an injury resulting from the effort of the latter to save his life, whether the means chosen are prudent or imprudent. (Railway v. Neff, 87 Texas, 309.) (P. 59.)

**7. Charge—Contributory Negligence.**  .

See, instruction held not to be taken, when construed in connection with the remainder of the charge, as holding defendant liable irrespective of his negligence, if plaintiff was not, himself, negligent. (P. 59.)

. ERROR to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

*T. S. Miller* and *Head, Dillard & Muse*, for plaintiff in error.—The first paragraph of the charge is erroneous in that it assumes and states that it is the duty of a railroad company to keep its right of way and side tracks so unobstructed as not to prevent persons nearing the crossing from discovering the approach of trains, and merely leaves to the jury the question as to whether it had used sufficient care to prevent such obstructions. Dillingham v. Parker, 80 Texas, 572.

It was error to submit to the jury at all the question of whether erecting coal bins on the right of way was negligence. Railway v. Warren, 32 S. W. Rep., 578; Cordell v. Railway, 70 N. Y., 119.

When the circumstances surrounding the traveler over a railway crossing are such as to demand the performance of particular acts on his part in the exercise of ordinary prudence, and a special charge is asked directing the minds of the jury to these acts, it is error to refuse it when the main charge only states that it is the traveler's duty to exercise ordinary care. Railway v. Levi, 59 Texas, 674. If a crossing is obstructed, all the more care is required of the traveler. Railway v. Butler, 103 Ind., 31; Beyel v. Railway, 45 Am. and Eng. Ry. Cases, 188; Railway v. Wallace, 110 Ill., 114; Gugenheim v. Railway, 32 Am. and Eng. Ry. Cases, 97. If prudence requires a special act the charge should call attention to this. Railway v. Shieder, 88 Texas, 166.

If the plaintiff was injured by an act of Williams, whether negligent or not, and such injuries were not contributed to by the negligence of defendant, he would not be entitled to recover.

If one under fear that the act of another will bring injury upon him, for the purpose of avoiding such injury, himself does something which brings him a hurt, then, if he was in no real danger from the other's act, before he can recover because of the hurt thus inflicted it must appear that the person from whose act the injury was anticipated was guilty of some negligence in doing the thing which brought about the appearance of danger. (The seventh paragraph of the court's charge was as follows: "If you find from the evidence that at the time plaintiff jumped from said wagon he was in no actual danger of being hurt by said train, and if you further find and believe from the evidence that it would have reasonably appeared to an ordinarily prudent person similarly situated and circumstanced as plaintiff was, that it was necessary to jump from said wagon to avoid injury from said train, then you will find for defendant.") Railway v. Beatty, 73 Texas, 596; Railway v. Wallen, 65 Texas, 568.

*Green & Culp*, for defendant·in error.—The appellee, R. D. Rogers, having been placed by the negligence of appellant in such a position that he was compelled to choose instantly, in the face of grave and apparent peril, between two hazards, that is to remain in the wagon or jump out, and he made such a choice as a person of ordinary prudence placed in such a position might make, the fact that, if he had chosen the other hazard, he would have escaped injury is of no importance. Shear. and Red., Neg. (4th ed.), sec. 89; Buel v. Railway, 31 N. Y., 314; Twomley v. Railway, 69 N. Y., 158; Railway v. Mowery, 36 Ohio St., 418.

That the appellee was a guest of A. M. Williams, the owner and driver of team and wagon in which he was riding, and not responsible in the least for the negligence of said Williams, and should the court find that the injury was the combined result of the negligence of appellant and the driver of the wagon, yet that fact would not debar appellee of his remedy against the defendant. Railway v. Kutac, 72 Texas, 643; 1 Shear. and Red., Neg. (4th ed.), sec. 66; Little v. Hackett, 116 U. S., 366; Beach, Con. Neg., 111, 114; Webster v. Railway, 38 N. Y., 260; Chapman v. Railway, 19 N. Y., 341; Masterson v. Railway, 84 N. Y., 247; Dyer v. Railway, 71 N. Y., 228.

Where all the law applicable to the evidence in the case is given in the general charge, it is not error to refuse requested charges which simply elaborate the principles of law already given. Newman v. Farquhar, 60 Texas, 640; Railway v. Scott, 2 Willson, C. C., sec. 145; Railway v. Mitchell, 2 Willson, C. C., sec. 373.

BROWN, Associate Justice.—From the facts as found by the Court of Civil Appeals we make the following statement:

On the 6th day of August, 1895, J. D. Rogers was traveling in a wagon westward on Broadway street in the city of Gainesville, Texas, when he came to a crossing of the said street over the railroad track of the plaintiff in error and an engine upon the said railroad pushed some box cars backward on the said track towards him from the north. On their approach he leaped from the wagon under the apprehension that unless he did so he would be run over by the cars and probably killed. In leaping from the wagon he fell and injured his knee and hip to such an extent as to justify a verdict for damages in the amount of $750.

The evidence tends to establish that appellant was guilty of negligence in allowing the coal house and an ice house and beer house which were not used by it but rented to private parties for their private business to be built on its right of way at this crossing so as to obstruct the view of its track north of the street from persons passing along the street westward, and also in allowing a box car to stand on one of its tracks partly in Broadway street so as to prevent plaintiff from seeing the train which caused the injury. The evidence also tends to establish that appellant's servants were guilty of negligence in propelling the train too rapidly over the street and in not ringing the bell or blowing the whistle as it approached the street, but this is a controverted issue

1897.] M., K. & T. Ry. Co. v. Rogers. 55

upon which there is sufficient evidence to have supported a verdict either way.

The evidence also tends to establish that the plaintiff was not guilty of any negligence in going upon the track when and where he was in-jured, and that upon passing the obstructions aforesaid on the tracks of appellant, the sudden appearance of the cars with their nearness to the plaintiff, taking into consideration the speed at which they were approaching him, was sufficient to produce in the mind of any ordinarily discreet and prudent person the belief that he was in danger of being run over and that it was necessary for him to leap from the wagon in order to save himself, although the evidence shows that if he had remained in his seat on the wagon he would not have been injured.

Upon the trial before a jury verdict and judgment were given for plaintiff below, from which the railroad company appealed to the Court of Civil Appeals, which affirmed the judgment of the District Court.

The trial court charged the jury as follows:

"1. It was the duty of the defendant company to use ordinary care and caution to avoid such obstructions on its right of way and side tracks near Broadway street as would prevent persons crossing its road on said street to discover the approach of trains crossing said street. It was also the duty of the defendant company, in propelling its cars along its road across said Broadway street to use ordinary care and caution in order to avoid injury to persons on said street.

"2. By the term ordinary care and caution as used in this charge, is meant that degree of care and caution which an ordinarily prudent person would use under like circumstances, and nothing more, and the failure to use such care and caution constitutes negligence.

"3. If you find from the evidence that at the time the plaintiff jumped from said wagon the defendant company was guilty of negligence in permitting its right of way or side track near Broadway street to be obstructed in the manner alleged in plaintiff's petition, and that such obstruction was such as to prevent persons crossing its road on Broadway street from discovering the approach of trains crossing said street * * * you will find for plaintiff and assess his damage at such sum as in your judgment under the evidence will afford him a just and fair pecuniary compensation for the pain and suffering endured by him, if any, on account of said injury, and also for the expenses incurred by him for medical treatment, if any, on account thereof, and also for the value of the time he lost, if any, from his accustomed business on account of such injury."

This charge was assigned by the defendant below as error and presented to the Court of Civil Appeals, and is here presented to be reviewed by this court.

The charge of the court assumes that it was the duty of the railroad company as a matter of law to prevent the obstruction of the view of its track at the place indicated, and that a failure to perform that duty was negligence per se, for which the plaintiff was entitled to recover

without regard to the care with which the train was operated at the time. It was error in the court to so charge the jury. Whether the obstruction was placed upon the right of way by the company itself for its own use, or permitted by it to be placed there by another to be used in connection with the business of the road, is unimportant. There is no law which declares it to be the duty of a railroad company to keep its right of way free from obstruction, and therefore the failure to do so cannot be declared as a matter of law to be negligence. It was a question of fact to be submitted to and found by the jury, whether under the circumstances the obstruction was such as to constitute negligence on the part of the railroad company and whether under the conditions existing then and there the railroad company exercised due care in the operation of its train for the protection of persons passing over its road. Dillingham v. Parker, 80 Texas, 572; Rec'r. H. & T. C. Ry. Co. v. Stewart, 17 S. W. Rep., 33; Galveston, H. & S. A. Ry. Co. v. Michalke, 90 Texas, 276; Cordell v. N. Y. C. & H. R. Ry. Co., 70 N. Y., 119; Ind. & St. L. Ry. Co. v. Stables, 62 Ill., 313; Dimmick v. Chicago & N. W. Ry. Co., 80 Ill., 338.

In Dillingham v. Parker, cited above, a charge, almost identical with the first part of the charge quoted, was given, of which the court said: "We are of the opinion that the court erred in giving this instruction. The case of Railway Company v. Murphy, 46 Texas, 356, is directly in point. In that case the court charged the jury in effect that the defendant was guilty of negligence in the management of the train if the conductor, after stopping a very short space of time, gave the signal of departure and at the same instant of giving said signal caused the train to move and the plaintiff was injured by the force of the moving of the train while he was attempting to get on the car. The court in the opinion, after saying in effect that if any law could be found which made it the duty of a conductor to wait a reasonable time after giving the signal the charge would have been correct, used the following language: 'In the absence of any such law defining the acts which constitute negligence it is a fact to be found by the jury, upon evidence as any other material fact.' * * * We have no statute which provides that a railway company shall not permit an accumulation of cars upon its side tracks at a crossing so as to obstruct the hearing or the view of an approaching train, and it was therefore error to instruct the jury that such an act constituted negligence. It was for the jury to say under proper instructions whether the particular acts were negligence or not."

In Cordell v. Railway Co., before cited, the Court of Appeals of New York said: "The obstructions in this case may, and perhaps should, have had a material bearing upon two questions: First, as to the contributory negligence of the plaintiff. If they prevented his seeing the approaching train until he arrived at the track he would not be negligent for not seeing it before; and, secondly, the fact of the existence of those obstructions, with the other surrounding circumstances, were proper to be considered upon the question of the degree of care and vig-

ilance which the defendant was bound to exercise in the running and management of its train, and in giving warning of its approach. It cannot be an independent ground of recovery." We think that the quotation properly states the rule of law applicable to the facts of the case, with the qualification to the first proposition stated by the court, that the obstruction might likewise call upon the traveler to exercise more care than under other circumstances would be required, and might be considered by the jury as well to show a want of care on his part as to excuse him from a failure to see where his view was obstructed. The fact that the view of the track was obstructed would not give a right of action if the railroad company exercised such care in the operation of its train as a prudent person under similar circumstances, having due regard for the safety of those traveling upon the highway over that road, would have exercised. It might be that the ringing of a bell or the blowing of a whistle, or both, would not be such care as would be required at that place. A prudent man might have felt it his duty to station some person there to give warning of the approach of a train to those who were about to cross the track. But the question to be submitted to the jury was whether or not, under the surrounding conditions and circumstances at that place, the defendant exercised such care as a prudent person would have exercised under like conditions.

Mr. Thompson in his work on Negligence cites the case of Richardson v. Railway, 45 N. Y., 846, as sustaining the proposition that an obstruction of the view of a railroad track might constitute such negligence as would give a right of action to a party injured, but an examination of that case will show that it in fact sustains the doctrine laid down in Cordell v. Railway Co., before cited. In the latter case the court, referring to the doctrine that the negligence of allowing obstructions to the view of the track constitutes an independent ground of recovery, said: "Neither the case of Richardson v. Railway, 45 N. Y., 846, nor the case of Mackay v. same, 35 N. Y., 75, so hold."

The trial court erred in giving the charge in question, and the Court of Civil Appeals erred in sustaining the judgment of that court, for which errors both judgments must be reversed and the cause remanded.

The trial court charged the jury as follows:

"4. It was the duty of said plaintiff in approaching said railway track, with the view of crossing it, to exercise ordinary care and caution for his own safety, that is, it was his duty to exercise that degree of care and caution which an ordinarily prudent and careful person would have used under similar circumstances, and if he failed to exercise such care and caution this would be negligence."

The charge given stated correctly the general proposition of law as to the duty of the plaintiff in approaching the track. The defendant asked the court to charge the jury as follows:

"It is the duty of any one on approaching a railway crossing to exercise the care and prudence that a man of ordinary care would exercise under the same circumstances, and if you should believe that in the ex-

ercise of such care it was the duty of plaintiff to have stopped before driving on the railway and he failed to do so you will find' for the defendant, and so if you should believe that in the exercise of such care it was his duty to look and listen for the approach of the train and he failed to do so and was thereby injured you will find for the defendant."

The charge requested by the defendant was properly refused because it does not submit to the jury the question whether a failure to look or listen, under the facts stated, constituted negligence on the part of plaintiff, nor does it require the jury to find that such negligence contributed to the injury received by plaintiff. These things might be inferred from the charge, but it should have been more specific. It being necessary to reverse the judgment we feel that it is proper in view of another trial to call attention to the cases of Gulf, Colorado & Santa Fe Railway Company v. Shieder, 88 Texas, 152, and Missouri, Kansas & Texas Railway Company v. McGlamory, 89 Texas, 635. In the latter case, after approving the charge given by the court as being a correct statement of the general rule of law applicable to the facts of that case, this court said: "But the charge of the court nowhere undertakes to apply the law to the evidence adduced in support of said special plea of contributory negligence. The correct rule is, that the defendant had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which, if true, would in law establish such plea, and instructing them, if they found such group of facts to be established by the evidence, to find for the defendant; and this would be true if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense so that they may intelligently pass upon the various complicated issues frequently presented for the determination in one case under our practice." The quotation made so clearly and succinctly states the rule applicable to the case before us, that comment or further argument would be superfluous. It is especially appropriate in this class of cases to submit to the jury the group of facts which it is claimed constitutes negligence of either party and to instruct them what to do if they find the facts to be true, or not. Such a charge directs the minds of the jury to the very facts in issue and invokes their judgment upon the evidence relative to that issue.

The plaintiff in error insists, that, although the plaintiff below was not responsible for the negligence of Williams, in whose wagon he was at the time riding, yet if any act of Williams caused the injury to the plaintiff the plaintiff cannot recover. We cannot see the difference between making the plaintiff responsible for the negligence of Williams and allowing the acts of Williams which occasioned the injury to defeat the plaintiff's right of recovery; there is no merit in this proposition.

Plaintiff in error presents this assignment in this court: "The court erred in overruling appellant's sixth assignment of error, because under the seventh paragraph of the charge as given, plaintiff would be entitled to recover although there was no real danger, irrespective of the question of negligence, if a man of ordinary prudence would have leaped from the wagon, whereas the rule is that if one brings an injury upon himself because of the condition of affairs apparently dangerous, but not really so, he cannot recover of a person bringing about this condition of affairs, unless such a one was guilty of negligence in bringing it about." The seventh paragraph of the charge taken in connection with the other clauses of the same charge must have been understood by the jury to mean that the apparent danger must have been produced by the negligence of the defendant, and the construction placed upon the charge that it authorized the recovery whether the conditions surrounding the plaintiff at the time were caused by the negligence of the defendant or not, is not sustained by an examination and proper construction of the whole charge of the court. If the defendant was not guilty of negligence, then it could not be made liable for the injury. In the case of the International and Great Northern Railway Company v. Neff, 87 Texas, on page 309, this court, in treating of a similar question, said: "If the railroad company was without fault, then it could not be held liable whether the injured persons acted prudently or rashly, because it had not placed them in the situation of danger. If, however, the railroad company was guilty of negligence in not giving the signals, by which the deceased were caused to be in danger, then, whether they acted wisely and cautiously, or otherwise, it is liable, because it is responsible for the circumstances which produced the action on their part." The court held in that case that, "The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether."

For the error committed by the District Court, as before indicated, the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded for further trial.

*Reversed and remanded.*