## International & Great Northern Railway Company v. W. C. Knight.

### No. 668.—Decided May 5, 1898.

**1. Death—Damages—Pleading—Expectancy of Life.**

In a suit to recover damages for death of a son it was sufficient to allege the amount of the damages and not necessary to plead the evidence thereof. Proof of plaintiff's age, expectancy of life and dependence on his son's services were admissible under such general allegation. (P. 663.) ·

**2. Railway—Negligence—Obstructing View.**

It is not negligence for a railway to place upon its right of way obstructions to the view by one approaching a crossing, but merely a matter to be considered on the question whether there was negligence in the operation of the train. (Following Railway v. Rogers, ante p. 52.) (Pp. 663, 664.)

**3. Same—Charge.**

"If you believe * * * that the failure of the engineer to blow his whistle * * * and the placing or allowing said obstruction * * * was or were * * * negligence * * * plaintiff can recover," was an instruction permitting recovery by reason of the obstructions alone, and was erroneous. (P. 664.)

Error to the Court of Civil Appeals for the First District, in an appeal from Walker County.

*G. H. Gould*, for plaintiff in error.—The trial court erred in permitting plaintiff to prove, over defendant's objection, his age and expectancy of life, and that he had no other means of support than the services of his deceased son. And the Court of Appeals erred in sustaining such action of the trial court; because there were no allegations in plaintiff's petition on those subjects and no issue to warrant such evidence. And defendant had no notice that such an issue would be made

or such testimony offered.   Express Co. v. Darnell, 62 Texas, 641; Railway v. Curry, 64 Texas, 87; Wheeler v. Wheeler, 65 Texas, 573.

The court erred in the ninth paragraph of its charge in submitting to the jury the question as to whether or not it was negligence in defendant to place obstructions on its right of way, such as the cotton platform, seed houses, etc., mentioned in this case; because there was no evidence that such acts were negligence; and because the court in the same paragraph had already instructed the jury that defendant had the right to place said obstructions there if it was done for a lawful purpose, and there was no evidence that it was not done for a lawful purpose, but, on the contrary, the uncontradicted evidence was that said houses and platform were put there for a lawful purpose, for the convenience of the defendant and the public in handling and shipping freight, and the said two conflicting propositions submitted to the jury must have confused and misled them to defendant's prejudice.

*Williams & Smither* and *Powell, Ball & Randolph*, for appellee.— The rules of pleading do not require a statement of the evidence, and the court did not err in permitting plaintiff to prove, over the defendant's objection, the declarations of deceased as to the length of time he intended to stay with the plaintiff, etc.   Railway v. Bonnet, 38 S. W. Rep., 814; Railway v. Kindred, 57 Texas, 498; Railway v. Lee, 70 Texas, 503; Brunswig v. White, 70 Texas, 309.

The defendant company had a right for the purposes as testified to by their witnesses, to place the said obstructions there, but, because they had the right so to do, it does not follow as a necessary sequence involved therein that so placing them there, taken in connection with the manner of handling their trains at said place, and while the view of the track was obscured thereby, would not constitute negligence.   That was a matter to be passed upon by the jury, and said charge tersely and clearly submitted it to the jury.   Said paragraph of said charge is not subject to the criticism raised against it under appellant's sixth assignment of error, in that the right to place obstructions along the right of way and track of a railroad does not carry with it an implied legal immunity from liability from damages caused to persons by the negligence it is guilty of while exercising such a right; and the exercise of such a right, because it is a right, does not necessarily controvert the fact that the exercise thereof would constitute negligence.   The instruction in said charge, that the company had a right to place said obstructions along its track and right of way, if done for a proper purpose, is not inconsistent with the fact that the exercise thereof might constitute negligence, and the court, very properly, in said charge, submitted to the jury, whether or not placing them there was negligence, and said charge, in that particular, could not have confused the minds of the jury to the detriment of the defendant.   The placing along said track and right of way, if proximate cause, may be considered with other facts on the issue of the railroad's negligence, although the company had the right

to place them there, and the question was properly submitted to the jury in said charge.    Railway v. Duelm, 23 S. W. Rep., 596; Railway v. Michalke, 38 S. W. Rep., 31; Railway v. Michalke, 37 S. W. Rep., 480; Railway v. Rogers, 40 S. W. Rep., 957.

GAINES, Chief Justice.—This suit was brought by the appellee Knight to recover of the appellant company damages accruing to him upon the death of his· son, which was alleged to· have been caused by the negligence of its servants.    He recovered a judgment in the court below, which was affirmed upon appeal by the Court of Civil Appeals.    The facts of the case are stated as follows in the opinion of the Court of Civil Appeals: "The judgment from which this appeal is taken was for $1500 recovered against appellant by appellee as damages sustained by him from the death of his son, Clark Knight, who was killed in a collision between a wagon, in which he was crossing appellant's road, and an engine, operated by appellant's employes.    The collision occurred upon a public crossing upon the· railroad at Riverside.    At this place appellant's road runs north and south.    On the west side are the station house and still further west the stores and buildings of the town.    On the east side is open country except the structures along the track.    These consist of a cotton platform, and south of that a seed house, a stock pen, another seed house, and then the section house, all of which stand close to the tracks.    Immediately north of the cotton platform a public road runs east and west and crosses the tracks just west of the northwest corner of the platform.    The side track runs close to the platform at its western edge, and the main track is further west, ten or eleven feet from the western rail of the side track.    At the time when deceased was killed, there was cotton upon the platform, a box car upon the side track, the north end of which was about opposite to the northwest corner of the platform, and piles of cross-ties seven or eight feet high between the houses south of the platform.    Deceased having unloaded the wagon driven by him and placed the cotton with which it was loaded upon the platform at its eastern side, drove around to its northern side to the dirt road.    A train from the north was unloading freight at the station and its forward cars were upon the crossing, and another train had arrived from the south and stopped some distance south of the section house, waiting for the other train to finish the work at the station and back northwards and go upon a siding, in order that it might pass.    Deceased did not know of the presence of this train, and his view of the track to the southward was completely obstructed by the objects mentioned.    When the train at the crossing finished delivering its freight it backed north and after the crossing was cleared deceased started to drive across the tracks, and the other train, without ringing its bell or blowing its whistle or giving other warning, moved northward at the rate of three or four miles an hour, and struck the wagon and team of deceased upon the crossing, carrying them some distance up the track, and finally upsetting the wagon upon the deceased and inflict-

ing the injuries from which he died. The evidence conflicted upon the issue as to the giving of the signals, but there is enough to justify the conclusion that they were not given, and that in the omission to give them and in approaching this crossing under the circumstances indicated, the employes were guilty of negligence which was the proximate cause of Knight's death. The evidence also justifies the conclusion that deceased was not guilty of negligence in attempting, as he did, to cross. And we accordingly adopt both conclusions in accordance with the finding of the jury."

There are but two assignments of error brought to this court. The first is that: "The trial court erred in permitting plaintiff to prove, over defendant's objection, his age and expectancy of life, and that he had no other means of support than the services of his deceased son. And the Court of Appeals erred in sustaining such action of the trial court: Because there were no allegations in plaintiff's petition on those subjects and no issue to warrant such evidence, and defendant had no notice that such an issue would be made or such testimony offered." We are of opinion that it was only necsssary for the plaintiff to allege the amount of his damages. The age of the deceased and his expectancy of life, and the dependency of the father upon him for his means of support, were but circumstances which were to go to the jury as evidence in order to show such amount. It was not necessary for the plaintiff to plead his evidence.

The second assignment is, that the court erred in the following paragraph of its charge to the jury: "Or if you believe, by a preponderance of evidence, that the defendant company, by its agents, servants or employes, had placed or allowed to be placed upon their right of way and switch track obstructions in the shape of houses, cotton platform, cattle chute, ties, or box cars, which would obstruct or prevent the seeing of a train passing over the track of defendant's road at said crossing by a person attempting to cross over said track at said crossing, you are instructed that they had a right to do so if for a lawful and proper purpose. But they would be required to exercise extra caution in approaching said crossing under such circumstances, and if you shall believe by a preponderance of the evidence that the failure of the engineer to blow his whistle or ring his bell upon approaching said crossing (if you believe by a preponderance of the evidence that he so failed), and the placing or allowing said obstruction (if so placed or allowed to be placed) was or were such an act or acts as an ordinary prudent person would not have committed under like circumstances, and was negligence, and was the proximate cause of the death of said deceased, and that the plaintiff was damaged thereby, and that the deceased was not guilty of negligence which contributed to his death, then the plaintiff can recover. But if he was guilty of such contributory negligence in going upon said crossing under such circumstances, he cannot recover."

In the case of the Missouri, Kansas & Texas Railway Co. v. Rogers (91 Texas, 52) we held that it is not negligence for a railroad to put

on its right of way obstructions to the view of one approaching a crossing, whether the obstruction be placed there by the railroad for its own use, or by another, by the railroad's permission, to be used in connection with the business of the road; but it is merely a matter to be considered on the question whether there was negligence in the operation of a train at the crossing. It is obvious in the present case that the obstructions which were placed near the track of the defendant Company were the ordinary structures used by the company in receiving and discharging its freight. When near a crossing such structures necessarily obstruct the view of those using the highway in passing over the track. From the very nature of the case, at every depot of a railroad company the view of approaching trains must in some measure be shut off by the buildings which are requisite to the transaction of its business, and hence the erection and maintenance of such buildings cannot on account of their obstructing the view of the track be deemed negligence either in law or in fact. The effect of the latter part of the charge complained of is to instruct the jury that if they should find that the engineer failed to ring the bell or blow the whistle upon approaching the crossing, and that either such failure or the placing of the obstructions was an act of negligence and was a proximate cause of the injury, they should find for the plaintiff. While the failure to give the signals and the placing of the obstructions are not expressly put in the disjunctive by the use of the word "either" such is the meaning of the language employed. If the words had been "were such acts as an ordinary prudent person would not have committed under like circumstances and were negligence," the defendant Company could not have complained, for the reason that before the jury could have found for the plaintiff they would have been required to find the engineer negligently failed to give the signals and that such failure was the cause of the injury. Such a charge would have required the jury to find more than was necessary to a recovery and in that respect would have been error in favor of the defendant. But the language "was or were such act or acts as an ordinary prudent person would not have committed," etc., clearly mean, that if either of such acts was negligent; and the effect of the instruction is to authorize the jury to find for the plaintiff, provided they found either that there was a negligent failure to give the signals, or that the placing of the obstructions on the track was negligent. From what has already been said, it follows that in our opinion this was error.

A prudent man operating trains along the track of the defendant Company may have exercised more care by reason of the obstructions than he would have exercised had they not existed. Otherwise the existence of the structures did not affect the case. Railway Company v. Rogers, supra. The question for the jury was, would or would not a prudent man under all the circumstances have acted as the servants of the defendant Company did act; and we doubt the propriety of giving any specific instructions to the jury with reference to the obstructions.

For the error pointed out, the judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded.

*Reversed and remanded.*