## ODEN et al. v. TEXAS & P. RY. CO.
(No. 3480.)

Court of Civil Appeals of Texas. Texarkana. June 7, 1928.

Rehearing Denied Aug. 2, 1928.

370

O'Neal & Harper, of Atlanta, for appellants.

King, Mahaffey & Wheeler, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellants insist that the answers of the jury to the issues submitted to them are so contradictory and inconsistent with each other as to afford no proper basis for judgment in favor of either the plaintiffs or defendant. It is contended, first, that the company and the injured party both were found guilty of negligence, and that the negligence of each "proximately caused the injury"; that the finding that negligence of both parties was "the proximate cause of the injury" is inconsistent and amounts to no determinative finding of fact. It is believed that the trial court correctly determined that the appellants were precluded from recovery upon the findings of the jury as reasonably intended to be made by them. The jury made affirmative and unequivocal finding that the operatives of the locomotive blew the whistle and rang the bell in warning of the approach of the train to the crossing, and that the death of deceased did not proximately result from a failure of warning in these respects. There is evidence to support the finding. R. W. Carter, a farmer, who was traveling in a two-horse wagon and going south on the Springdale road, had already heard the warnings of the train's coming and had stopped his team just north of where the road passing over the crossing leaves the Springdale road. There is other evidence as positive as that. The jury next made affirmative and unequivocal finding, having support in the evidence, that the operatives of the train could not, by the exercise of ordinary care, have discovered the deceased was about to cross the track in time to prevent his death, and that there was no negligence on the part of the operatives of the train in that respect. The further issues, as submitted, read as follows:

"Do you find from a preponderance of the evidence that the defendant permitted its right of way on the date of the injury, and at and near where the injury was received, to become grown up with weeds and bushes to such an extent that it obstructed the view of the deceased and prevented his seeing the approaching train? Answer: Yes.

"If you answer such issue 'Yes,' then state if such act constituted negligence on the part of the defendant. Answer: Yes.

"If you answer such issue 'Yes,' then was such negligence the proximate cause which resulted in the death of the deceased? Answer: Yes.

"Do you find that the train which struck and killed the deceased was at the time running at a dangerous and excessive rate of speed? Answer: No."

The jury then further answered that the rate of speed at which the train was operated did not constitute negligence and was not the proximate cause of the injuries which resulted in the death of the deceased. Therefore the findings of the jury, reasonably construed as a whole, are to the effect that while the obstruction to the view of the railway track constituted negligence on the part of the railway company, and was the proximate cause of the injury, yet there was no negligent failure of the operatives to blow the whistle and ring the bell, and the train was not operated at a negligent rate of speed under the surrounding circumstances. Separated from these specific findings of absence of negligence in warning of the approach of the train and in the rate of speed, the further finding of negligent maintenance of weeds and bushes on the right of way near the crossing in such manner as to obstruct a view of the track, although the proximate cause of the injury, would not independently and of itself constitute actionable negligence to the traveler approaching the crossing. Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; Railway Co. v. Knight, 91 Tex. 660, 45 S. W. 556; Cowles v. Railway Co., 80 Conn. 48, 66 A. 1020, 12 L. R. A. (N. S.) 1067, 10 Ann. Cas. 481. In other words, in order to the establishment of the proposition that the negligence was the legal cause of the injury received, the several culpable acts or causes must concur to produce the injury, namely, negligent conditions in obstruction of the view, and negligent omission of precaution, in failure of warning of the approach of the train and in operation of the train. If there be no negligent failure of precaution in warning of the approach and in operation of the train, there is nonexistence of a legal connection between the negligence and injury. For the company's negligence only in obstruction of the view of the approaching train becomes merely a condition, as opposed to the efficient cause of the injury. It was plainly stated in the case of Rogers, supra, that:

"There is no law which declares it to be the duty of a railroad company to keep its right of way free from obstruction, and therefore the failure to do so cannot be declared as a matter of law to be negligence. It was a question of fact to be submitted to and found by the jury, whether under the circumstances the obstruction was such as to constitute negligence on the part of the railroad company and whether under the conditions existing then and there the railroad company exercised due care in the operation of its train for the protection of persons passing over its road."

In that case there was approved the following quotation from Cordell v. Railway Co., 70 N. Y. 119, 26 Am. Rep. 550:

"The obstructions in this case may, and perhaps should, have had a material bearing upon two questions: First, as to the contributory negligence of the plaintiff. If they prevented his seeing the approaching train until he arrived at the track, he would not be negligent for not seeing it before, and secondly, the fact of the existence of those obstructions, with the other surrounding circumstances, were proper to be considered upon the question of the degree of care and vigilance which the defendant was bound to exercise in the running and management of its train, and in giving warning of its approach. It cannot be an independent ground of recovery."

Again, in case of Railway Co. v. Knight, 91 Tex. 660, 45 S. W. 556, it was firmly stated that:

"In the case of Railway Co. v. Rogers [91 Tex. 52], 40 S. W. 956, we held that it is not negligence for" a railway company "to put on its right of way obstructions to the view of one approaching a crossing, whether the obstructions be placed there by" the railway company "for its own use, or by another, by the railroad's permission, to be used in connection with the business of the road; but it is merely a matter to be considered on the question" of "negligence in the operation of the train at the crossing."

Hence none of these findings of the jury may properly be considered as contradictory and inconsistent upon the preliminary issue of negligence vel non or upon the efficient cause of the injury. This ruling is decisive of the contention of appellants. If actionable negligence on the part of appellant may not be predicated upon the findings of fact made by the jury, as just determined, then any contradiction in the findings upon contributory negligence vel non would be immaterial.

It is true that in the findings of the jury on contributory negligence there may be apparent conflicts, but this was respecting only certain specific acts of the deceased. The controlling finding, as viewing the surroundings and the entire conduct of the deceased, was: "Did the deceased, in approaching the railroad crossing, fail to use such a degree of care that a person of ordinary prudence would have used under similar circumstances to discover the approach of the train and avoid a collision therewith?" To which the jury answered that the deceased did not use reasonable care, and that he was guilty of negligence which was "a contributing cause to the collision and resulting death of the deceased."

Thus, in effect, the jury were to determine, as a question of fact, in view of all the surroundings, whether the deceased was guilty of negligence in failing to look and listen for the train. The evidence amply warranted this standard of care on the part of the deceased in undertaking to use the crossing, and the jury found that he failed to look and listen to such an extent as was required under the peculiar circumstances. So that if the obstructions on the right of way was a proximate cause of the injury it was not the sole cause; and the deceased's derelictions, as found by the jury, contributed to the collision resulting in the tragedy of his death. The rule that contributory negligence bars a recovery is founded on the mutuality of the wrong.

One of the attorneys for the plaintiff made the opening argument for the plaintiff before the jury. At the conclusion of his argument the attorney for the defendant announced to the court, in the presence of the jury, that he would not avail himself of the privilege of arguing the case to the jury, but would merely submit it upon the charge of the court and the evidence without argument by him. Whereupon one of the attorneys for the plaintiff, who had not argued the case before the jury, requested the court to permit him to make further opening argument in the case. The court denied the request, and error is predicated thereon. It appears from the bill of exception that in the opening argument before the jury the plaintiffs' counsel "discussed fully the charges of negligence upon which the plaintiffs relied for a recovery, and the issues presented by the court for the jury to determine upon those points." In the circumstances the matter of permitting plaintiffs' attorneys to make another argument after the defendant's attorney had refrained from arguing the case was within the discretion of the court, and no abuse of such discretion is shown. An absolute right in appellants to have such further argument did not exist, in view of rule 36 of the district court. The rule reads:

"In all arguments, and especially in arguments on the trial of the case, the counsel opening shall present his whole case as he relies on it, both of law and facts, and shall be heard in the concluding argument only in reply to the counsel on the other side."

We have considered the other assignments of error, and think that they should be overruled.

The judgment is affirmed.