### TEXAS & P. RY. CO. v. BOYLE.
### No. 2441.

Court of Civil Appeals of Texas. El Paso.
June 12, 1930.

Rehearing Denied July 10, 1930.

Howard & Jackson, of El Paso, and H. G. Russell, of Pecos, for appellant.

Dale & Isaacks, of Pecos, for appellee.

WALTHALL, J.

This suit was brought by appellee, Pat J. Boyle, against the appellant, Texas & Pacific Railway Company, for damages to his motor

truck and trailer, by coming in collision with one of appellant's freight trains at a street crossing in Pecos, Tex.

Appellee's petition alleges, substantially, the following: At Pecos, Tex., the Texas & Pacific Railroad runs practically in an easterly and westerly direction through said town; that Alamo street, in Pecos, runs in a northerly and southerly direction and intersects appellant's railroad tracks; at the time involved here the employees of appellant had negligently placed, and left standing on the railroad tracks, a long string of freight cars on a siding, at the street crossing of Alamo street extending east and west, and so that said cars projected out into said street some twenty-eight feet, leaving a narrow passageway for travel on said street at said street crossing; that said string of cars was immediately south of the main line and close thereto; that said string of cars on said siding obstructed the view of the main line to any one approaching the crossing from the south on Alamo street, and precluded any view of said main line to any one approaching from the south until the one approaching was directly on said crossing and on said main line track; that appellee's employee was driving said truck and trailer at a slow rate of speed on Alamo street from the south side to the North side of said railroad crossing; that when said motor truck reached said main line, one of appellant's fast freight trains, going at an excessive rate of speed, and from the west, and coming from behind said standing string of freight cars, struck said motor truck and trailer and practically destroyed both.

The special acts of negligence assigned are as follows: Defendant had negligently placed and left standing a long string of cars owned by or in the control of the defendant, on the siding at said street crossing, so that they projected out into said street for about twenty-eight feet, leaving only a very narrow passageway for travel on said street; that said siding on which said railroad cars were standing was immediately south of the main line of defendant's railroad and very close thereto; that said cars so standing on said siding were many in number and extended for so long a distance both westward and eastward from said crossing, and especially west thereof, that they obscured the view of defendants main line to anyone so approaching from the south on said street, and actually precluded any view of said main line to any one so approaching until the person approaching was directly on said crossing and on said main line of said track. The petition alleged that defendant failed to keep a proper lookout at said crossing; that said train approached said crossing at a high rate of speed and without blowing the whistle or ringing the bell, or giving any other signal of its approach to said crossing.

Appellant answered by demurrers, general and special, special answer alleging that appellee was guilty of contributory negligence, the proximate cause of said damage being in driving said motor trucks upon said main line between said cars without first ascertaining whether a train was approaching, in driving the motor truck at a rate of speed in excess of six miles per hour upon an obscured railway track, as alleged by him, was in violation of article 800 of the Penal Code of this state, and was guilty of contributory negligence as a matter of law, which appellant alleges was the proximate cause of the collision and the damage complained of; contributory negligence in failing to look westward within 100 feet before attempting to cross the tracks at said crossing; that under the act of the federal Congress appellant was a military and post road, and said railroad train was then engaged in carrying interstate freight, and had the right of way to the exclusion of all others at said crossing.

The case was submitted to a jury upon special issues, upon which the jury found:

The whistle was blown immediately before reaching said crossing and the bell was kept ringing, as such issues were submitted:

"Special Issue No. 2. (a) Was the view of the main line of the defendant's railway on which the train was approaching the said street crossing so obstructed as to prevent the driver of plaintiff's truck from seeing the approaching train in time for him to have avoided the accident?" The jury answered, "Yes."

To the inquiry, "Was the defendant guilty of negligence in permitting said view of the main line of said railroad to be so obstructed as to prevent the driver of the plaintiff's truck from seeing the approaching train in time for him to have avoided said accident?" the jury answered, "Yes."

The jury then found that such negligence was a proximate cause of the damage to appellee's truck and trailer.

On other issues the jury found that appellee's employees on reaching said street crossing exercised ordinary care to look for the approach of trains from the direction that said train did come; the intrinsic value of said truck at and in the vicinity of Pecos, Tex., at the time of said accident was $2,750, and such value immediately after said accident was $250; the intrinsic value of the trailer before the accident was $575, and thereafter was $75; the appellant's servants operating said train which struck appellee's truck and trailer, at the time alleged, could not, by using ordinary care, see or discover said truck and trailer upon its track before striking them in time to avoid said accident. On appellee's motion the court entered judgment in his favor for $3,000, from which this appeal is duly prosecuted.

## Opinion.

The collision between one of appellant's freight trains and appellee's motor truck, as stated, occurred at a street crossing in the town of Pecos. The negligent act assigned is to the effect that the railroad company had negligently placed and left standing a long string of freight cars on the siding at the street crossing, so that the cars projected out into and obstructed the street crossing to the distance of some twenty-eight feet, leaving only a very narrow passage way for travel on said street, and that said cars extended east and west from said street crossing and obstructed the view of the main line of any one approaching the crossing from the south, and precluded any view of said main line until the one approaching the crossing was directly on the main track.

It is alleged that, while appellee was driving his motor truck on said street and attempting to cross the railroad tracks at said street crossing, at the moment said motor truck reached said main line, a train consisting of fast freight cars coming from the west collided with said motor truck and trailer, destroying both.

Other negligent acts are assigned such as failure to blow the whistle and ring the bell, but the jury found that the whistle was blown and the bell rung, and we will not consider them, except to say that the driver of the truck testified that he did not hear either the whistle or bell.

The court submitted and the jury found that appellee's employee on reaching said street crossing exercised ordinary care to look for the approaching train from the west; that the view of the main line on which the train was approaching said street crossing was so obstructed as to prevent the driver of the truck from seeing the approaching train in time for him to have avoided the accident, and that such obstruction of the main line was negligence and the proximate cause of the accident.

The jury having found that the whistle was blown and the bell was rung, the speed of the train, and failure to keep a lookout, not having been submitted to the jury, appellant submits that under the cases cited the obstruction of the track at the street crossing, standing alone, will not support the verdict of such negligence as the proximate cause, and the judgment for damages based thereon.

The cases we have examined in our effort at a proper solution of the questions presented are somewhat analogous in their facts to the instant case, and referred to by appellant are the following: Missouri, K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956, 959; International & G. N. Ry. Co. v. Knight, 91 Tex. 60, 45 S. W. 556; Galveston, H. & S. A. Ry. Co. v. McCrorey (Tex. Com. App.) 23 S.W.(2d) 691, 692.

In the Rogers Case the obstructions were on the right of way at a street crossing, and a box car on one of the tracks partly in the crossing street, so as to prevent Rogers from seeing the train which caused the injury complained of. The case was submitted to the jury on the general issue. In submitting the case to the jury the court in the charge assumed that it was the duty of the railroad company, as a matter of law, to prevent the obstruction of the view of its tracks at the place indicated, and that the failure to perform that duty was negligence per se, for which Rogers was entitled to recover, without regard to the care with which the train was operated at the time. Judge Brown said it was error to so charge the jury, there being no law which declares it to be the duty of the railroad company to keep its right of way free from obstructions.

It was an issue of fact for the jury to determine the question of negligence, and referred to a number of cases so holding, and which Judge Brown discussed. The court disapproved of a special charge submitted on the plea of contributory negligence, and stated the correct rule to be that "the defendant had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which, if true, would in law establish such plea, and instructing them, if they found such group of facts to be established by the evidence, to find for the defendant."

The Knight Case was also submitted upon the general issue. The facts show a collision upon a public crossing upon the railroad. We must refer to the case for a full statement of the facts. The obstructions were upon the right of way and switch track, and consisted of houses, cotton platform, cattle chute, ties, box cars, which would obstruct the seeing of a train passing over the track at the crossing by one attempting to cross at the crossing; it was held, as in the Rogers Case, that it was not negligence per se for a railroad to put on its right of way obstructions to the view of one approaching a crossing, but the placing of such obstructions is merely a matter to be considered on the question whether there was negligence, in view of such obstructions, in the operation of a train at such crossing.

In the McCrorey Case a collision occurred at public road crossing between McCrorey's automobile and a passenger train, while McCrorey was attempting to drive across the railroad track. The negligence charged was that the railroad company permitted an embankment on its right of way and along a cut through which the train approached the crossing so high as to obscure from persons traveling the public road trains approaching the crossing, and in permitting grass and weeds to grow near its track and on the embankment so as to further obscure such view; that the

train was run at a high and dangerous rate of speed; failure to ring the bell or blow the whistle. The case was submitted to the jury on special issues. The issues submitted, without quoting their verbiage, were: (a) As to the obstructions in and along the right of way, such as to obstruct the train from view; (b) was the presence of such obstructions negligence on the part of the company; (c) was such negligence a proximate cause of the injury?

The jury answered all questions, "Yes." The jury answered issues as to the rate of speed, the blowing of the whistle, and ringing of the bell in favor of the railroad company.

The trial court overruled the company's motion for judgment and entered judgment for the plaintiff. The case was affirmed by the Court of Civil Appeals (10 S.W.(2d) 1021). A writ of error was granted. The Commission of Appeals, section A, said: "An examination of the verdict of the jury as a whole discloses that the only allegations of negligence on the part of the railroad company which were sustained by the jury's verdict were those with reference to permitting the embankment and weeds on its right of way. All other allegations of negligence contained in the plaintiff's petition were found in favor of the railroad company. We are therefore confronted with this one question: Can a judgment predicated on a bare jury finding that the railroad company was negligent in permitting obstructions on its right of way; and that such negligence was the proximate cause of the injury, as a matter of law, sustain a judgment for damages, when the balance of the verdict expressly finds on all issues submitted that the railroad company was not negligent in any particular in operating the train on and across the crossing on the occasion in question? We are of the opinion that this question should be answered in the negative. Missouri K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; International & G. N. Ry. Co. v. Knight, 91 Tex. 660, 45 S. W. 556, 557." The court then proceeds to discuss and apply the cited cases to the case then before the court.

■■ We think the McCrorey Case is directly in point and rules the instant case so far as the issues submitted and the judgment based thereon are concerned. In this case other grounds of negligence are charged which go to the question of the operation of the train and which were not submitted to the jury. Had such issues been submitted and found by the jury in favor of the railroad company there could be no question that it would not be liable. The company had the right to leave its freight cars on its side track, though by doing so it served to obstruct the view of the crossing. It had no right, however, to obstruct the crossing by one of its cars, beyond the time fixed by the law, but such obstruction was not of itself negligence, but, as said in the cited cases, "it is merely a matter to be considered on the question whether there was negligence in the operation of a train at the crossing." The operation of the train at the crossing under all the facts is the controlling issue in the case.

■ The grounds of negligence other than those submitted being independent grounds, and appellee having failed to request their submission, are abandoned. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

The case is reversed and here rendered for appellant.