WICHITA FALLS & SOUTHERN R. CO. v. ANDERSON et ux.

No. 2049.

Court of Civil Appeals of Texas. Eastland.

Oct. 18, 1940.

Rehearing Denied Nov. 8, 1940.

ern Railroad Company to recover damages for the death of said Ovada Anderson, a 17 year old girl, growing out of a collision between an automobile, in which said daughter was a guest, and one of defendant's trains at a crossing in Ranger, Texas, of said railroad with the Bankhead Highway. In a jury trial judgment upon the verdict of the jury was given for the plaintiffs amounting to $3,270, from which judgment the defendant has appealed.

Plaintiffs' alleged cause of action embraced five separate grounds of negligence (grounds of recovery) in effect as follows: (1) Failure to sound whistle, at least 80 rods from the crossing; (2) failure to ring bell continuously for 80 rods from crossing; (3) failure to clear timber and underbrush from defendant's right of way (alleged to have constituted an obstruction to the view of the train from the highway, thereby rendering the crossing dangerous); (4) failure to maintain at said crossing an automatic bell, a wigwag, and a watchman; (5) failure to maintain at said crossing either an automatic bell, or a wigwag or a watchman.

The distinctive elements of said first and second grounds of negligence, or grounds of recovery, were submitted and found in favor of the defendant. The third ground of negligence was submitted thus: "Do you find from a preponderance of the evidence that at the time of the accident the defendant had failed to clear the timber and underbrush, if any, of sufficient size to obstruct the view from its right of way to the left of the occupants of the automobile as they approached the crossing in question?" This question was answered "Yes", as also the further questions of whether such failure was (1) negligence, and (2) a proximate cause of the accident.

Alleged ground of negligence designated (4) above (i.e., failure to maintain at the crossing an automatic bell, a wigwag and a watchman) was not submitted, and no question is raised regarding the failure to submit it. In fact, plaintiffs frankly state in their brief that they do not contend that the defendant was under duty to do more than maintain either an automatic bell, a wigwag or a watchman.

Relating to the fifth ground of negligence as pleaded, and which was alternative to (4), issues were submitted, and found in favor of the plaintiffs, to the effect, as follows: (A-1) failure to maintain an "automatic signal light"; (A-2) whether

Conner & Conner, of Eastland, for appellant.

Grisham & Grisham of Eastland, for appellees.

FUNDERBURK, Justice.

This suit was brought by D. Anderson and wife, father and mother of Ovada Anderson, against Wichita Falls & South-

such failure was negligence; and (A-3) whether a proximate cause. (B-1) Failure to maintain an "automatic bell"; (B-2) whether negligence; and (B-3) whether a proximate cause. (C-1) Failure to have a watchman at crossing; (C-2) whether negligence; and (C-3) whether a proximate cause.[1] The driver of the automobile was found to have been guilty of contributory negligence, but said Ovada Anderson was acquitted of contributory negligence. The damages were found to be $3,270.

 It is admitted by plaintiffs that the verdict upon said third ground of negligence, although in favor of the plaintiffs, will not support the judgment. Such admission is made in recognition of a legal proposition to the effect that the failure of the operator of a railroad to remove obstructions to the view of the railroad by persons upon a highway, approaching a crossing, is not a ground of actionable negligence. This proposition is supported by many decisions of the courts of this State, of which it is deemed sufficient to mention only the following: .Galveston, H. & S. A. Ry. Co. v. McCrorey, Tex.Com. App., 23 S.W.2d 691;. Missouri, K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S.W. 956; International & G. N. Ry. Co. v. Knight, 91 Tex. 660, 45 S.W. 556; Oden v. Texas & P. Ry. Co., Tex.Civ.App., 9 S.W.2d 367.

The judgment is sought to be sustained upon the ground that the evidence regarding trees and brush as obstructions to the view of the railroad by the occupants of the automobile as they approached the crossing is available to support the verdict upon one or another of the grounds of negligence wherein the several alleged omissions were (1) failure to maintain an "automatic bell", failure to maintain a "wigwag" and failure to maintain a "watchman." We agree that such evidence, subject to questions of the sufficiency of pleadings to support it and of its applicability and sufficiency, is available for such purposes.

 Subject to one possible exception hereafter noticed, no facts were alleged which would support the alleged legal conclusion that "it was the duty of the defendant to maintain at said crossing an automatic bell, a wigwag * * * or a watchman to give some character of warning to people operating automobiles in the night time thereat." The facts necessary to support such legal conclusion would be such conditions, if any, surrounding the crossing as rendered it more than ordinarily dangerous; facts to show that the crossing was a place of extraordinary danger, meaning "a place so peculiarly dangerous that prudent persons cannot use the same with safety." Missouri, K. & T. Ry. Co. v. Long, Tex.Com.App., 299 S.W. 854, 855. Allegations of mere legal conclusions, absent the averment of any facts to support such legal conclusions, do not amount to an allegation of such facts. Gray v. Osborne, 24 Tex. 157, 76 Am.Dec. 99; Glasscock v. Hamilton, 62 Tex. 143; McCamant v. Batsell, 59 Tex. 363; City of Austin v. Walton, 68 Tex. 507, 5 S.W. 70.; Western Union Telegraph Co. v. Mitchell, 91 Tex. 454, 44 S.W. 274; Brush Electric Light & Power Co. v. Lefevre, 93 Tex. 604, 57 S.W. 640, 49 L.R.A. 771, 77 Am.St.Rep. 898; City of Amarillo v. Tutor, Tex.Com.App., 267 S.W. 697; Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524; Millican v. McNeil, 92 Tex. 400, 49 S.W. 219; Laas v. Seidel, 95 Tex. 442, 67 S.W. 1015; Blaisdell, Jr., Co. v. Citizens' Nat. Bank, 96 Tex. 626, 75 S.W. 292, 62 L.R.A. 968, 97 Am.St.Rep. 944; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Wichita County Water Imp. Co. v. Curlee, 120 Tex. 103, 35 S.W.2d 671; Sereno v. Triggo, Tex.Com.App., 1 S.W.2d 607; Rotsky v. Kelsay Lumber Co., 118 Tex. 180, 12 S.W.2d 973.

 There was no allegation, even as a legal conclusion, to the effect that the crossing was extraordinarily dangerous. Railroad crossings are inherently dangerous, and knowledge of a railroad crossing im-

---

[1] It thus appears that a pleaded single ground of recovery alternative to another single ground of recovery was split into three parts and each submitted as in itself a separate ground of recovery. The finding of all three in favor of the plaintiffs produces a curious result. Such result is the exact legal equivalent of a finding in favor of the plaintiffs upon the unsubmitted alternative ground of recovery, viz., failure of defendant to maintain an automatic bell, a wigwag and a watchman. There was no pleading to the effect that failure to maintain an automatic bell was alone either negligence or a proximate cause of the collision, nor was there any such allegation as to the failure to maintain a wigwag, or the failure to maintain a watchman. No point is made of this, nor do we find it necessary or deem it advisable to make any disposition of the case dependent upon it.

**444**

putes a knowledge of danger. Gulf, C. & S. F. Ry. Co. v. Gaddis, Tex.Com.App., 208 S.W. 895; San Antonio & A. P. Ry. Co. v. Singletary, Tex.Civ.App., 251 S.W. 325; Wichita Valley Ry. Co. v. Fite, Tex.Civ. App., 78 S.W.2d 714; Compton v. Texas & N. O. Ry. Co., Tex.Civ.App., 96 S.W.2d 239. Manifestly not every mere difference in the degree of such danger can imply the legal duty of providing extraordinary means of warning consisting of the maintenance of an automatic bell, wigwag or a watchman. The real test is that stated in the Long case, supra, namely, is the crossing a place so peculiarly dangerous that prudent persons cannot use the same with safety unless extraordinary care to avoid injuring such persons required such extraordinary means? By this test we think plaintiffs' pleadings were insufficient to support a judgment based upon a failure to maintain an automatic bell, a wigwag or a watchman.

It may be that plaintiffs' insistence to the effect that the judgment is supported by the evidence of obstructions should be construed as including the contention that the allegations regarding the obstructions aided the allegations of legal duty, which, as we have said, are but allegations of legal conclusions. Those allegations expressly referred to a ground of negligence admittedly not sanctioned by law as a ground of recovery.

■ If, however, it be assumed that they may nevertheless be appropriated in aid of the allegation of the defendant's duty to maintain one or another of the extraordinary means of warning, then we are forced to the conclusion that the evidence admissible within such construction of the pleadings was insufficient. The trees and brush are alleged to be on the railroad right of way. The evidence was not so confined; but related as well to trees and brush along the highway and not upon the railroad right of way. The evidence of trees and brush confined to the railroad right of way, taken most strongly in favor of the plaintiffs, was insufficient, we think, to show, or raise an issue of the fact that the crossing in question was extraordinarily dangerous within the meaning of that term, or the usual equivalents of such term.

■ The jury found that the driver of the automobile was guilty of contributory negligence. Such finding was based upon evidence almost if not quite conclusive. While under the circumstances the negligence of the driver was not shown to be imputable to the deceased, as contributory negligence, yet such evidence had great weight upon the issues of the defendant's negligence. The effect of the evidence was that the driver, in the absence of the extraordinary signals, could, by the exercise of ordinary care in observing the usual signals that were given, have made the crossing safely. In the face of such evidence there is a total absence of any other evidence of probative force that the occupants of the automobile could not by the exercise of ordinary care by stopping and waiting have made the crossing safely without there being an automatic bell, wigwag or a watchman at the crossing.

■ Furthermore, we are of the opinion that the general question of the defendant's liability in this case under the undisputed evidence is to be determined the same as if it were admitted, or conclusively established, that the train was running across the highway completely blocking it when the automobile ran into it. In other words, the decisions in cases like Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714, Cisco & N. E. Ry. Co. v. McCharen, Tex.Civ.App., 118 S.W.2d 844, by this court, and cases therein cited, are applicable. Apparently disinterested witnesses, including two police officers, in a position most advantageous to see what happened, testified that the automobile approached the crossing at a high rate of speed and to within 12 steps of the railroad and then too late attempted to avoid the collision by turning to the right onto the track, and that at the time the train was partly on the highway with its headlight shining upon the crossing. There was neither testimony nor physical facts contradictory of such evidence. The circumstances conclusively shown by the evidence leave no basis, we think, to support a conclusion that if there had been an automatic bell, wigwag or watchman they could have given any more effective warning of the presence of the train than was given. The blowing of the whistle, the ringing of the bell, the presence of the locomotive partly upon the highway with a standard locomotive headlight shining in front of it along a straight track, and, therefore, necessarily upon the crossing, gave all the warning, so far as there was any evidence to show, that one in the exercise of reasonable care required.

■ The evidence, as we view it, does not present a case of concurring negligence

of the defendant and the driver of the car. The evidence fails to show negligence on the part of the defendant, and, therefore, there could be no concurrence of such non-existent negligence with the negligence of the driver to produce the collision. The conclusion seems inescapable that the sole cause of the collision was the negligence of the driver of the automobile. These observations are made in reference to the contentions of the appellant that the court erred in overruling its motion for an instructed verdict and/or in overruling its motion for judgment notwithstanding the verdict of the jury. It is deemed unnecessary to discuss other assignments of error.

In our opinion, the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.