MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. J. P. WILLIAMS.

Decided May 29, 1909.

**1.—Assumed Risk—Master and Servant—Operation of Train—Case Followed.**

Where the railway company was charged with negligence in making an emergency instead of a service stop of a train in the yards causing a brakeman to fall from the top of the train and there was no notice to the brakemen and no occasion for a sudden stop, an instruction that when a person enters the employment of a railway company he assumes the risks and dangers ordinarily incident to such employment but he does not assume any risks arising from the negligence on the part of such company unless he knows of such negligence and the attendant risk or in the exercise of ordinary care in the discharge of his own duty must necessarily have acquired knowledge thereof in time to have avoided injury therefrom, was correct and applicable. Following Missouri, K. & T. Ry. v. Hannig, 91 Texas, 347.

**2.—Negligence—Railway—Operation of Train.**

Where the main issue was negligence vel non on the part of the engineer in making an emergency instead of a service stop on a signal, an instruction to find for the company if the jury believed that the signal was for an emergency

stop, and the engineer in the manner in which he operated the engine, applied the air, and stopped the train, exercised ordinary care, was not misleading when considered in connection with a charge, given at the company's request, to find for the company if the jury believed that the engineer received a signal and that a person of ordinary care situated as he was at the time would have reasonably construed such signal as an emergency signal and would have applied his air in emergency, although they believed the signal was an ordinary stop signal, and was so intended.

### 3.—Evidence—Conclusions—Customs—Expert Testimony.

Testimony that the engineer had plenty of room to stop in, and the general custom under such circumstances is to stop gradually, and that the train in question was not stopped in the usual and customary way that trains in defendant's yard are stopped under the circumstances existing when the train was stopped, was statements of facts; but the witnesses being experienced railroad men and familiar with the yards, the testimony considered as conclusions, was admissible.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Coke, Miller & Coke* and *Head, Dillard, Smith & Head,* for appellant.—The practical effect of a charge to the jury that an employe does not assume any risks arising from the negligence of the employer "unless he knows of such negligence and the attendant risk or in the exercise of ordinary care in the discharge of his own duty must necessarily have acquired knowledge thereof in time to have avoided injury therefrom," is to repudiate the old, old doctrine of patent and obvious risks, and is therefore error. The law is that an employe is chargeable with notice of, and is guilty of contributory negligence if he does not ascertain, those risks which are patent and open to common observation to a man of ordinary prudence engaged as the employe is. Peck v. Peck, 99 Texas, 10; Railway v. Hynson, 101 Texas, 543; Railway v. Williams, 111 S. W., 196.

If a "washout stop signal" was given to the engineer, there was no evidence under which plaintiff could recover on account of the manner he obeyed the same, and it was therefore error for the court to couple with paragraph 3 of the general charge submitting the issue, the requirement that the jury must believe that in obeying such signal "the engineer, in the manner in which you find he operated the engine, applied the air and stopped said train, exercised that degree of care that an ordinarily prudent person would have exercised under the same or similar circumstances," and to refuse the special charges copied in the assignments which would have properly submitted such issue with such erroneous requirement of the general charge eliminated. Railway v. Rowland, 90 Texas, 365; Railway v. Culpepper, 90 Texas, 627; Railway v. McCoy, 90 Texas, 264.

The statement of the witness that "the train was not stopped in the usual and customary way that trains in defendant's yards are stopped under the circumstances that existed when this train was stopped," was an opinion and conclusion upon the very questions to be decided by the jury, viz., whether the engineer was acting in obedience to an ordinary or in obedience to an emergency signal, and whether the train was going slow or fast, and whether the engineer

was guilty of negligence in mistaking the signal or the person by whom it was given, if he was mistaken.

The statement of the witness that: "I know the usual and customary way of stopping trains at this place and under the same circumstances that this train was stopped. They are generally stopped gradually. I have been on a great many trains that were stopped under the same circumstances as this was," was an opinion and conclusion of the witness as to the circumstances under which the engineer acted, viz.: Whether in obedience to an ordinary or emergency signal; whether, if no emergency signal was actually given, was the engineer at fault in so interpreting it; whether in case of doubt he should not have acted as in cases of emergency; the speed of the train at the time the engineer acted. Railway v. Cooper, 32 Texas Civ. App., 592; Railway v. Slator, 102 S. W., 156; Shelley v. City of Austin, 74 Texas, 608.

*Wolfe, Hare & Maxey*, for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued the appellant to recover damages for personal injuries received by him through the negligence of the engineer in making an emergency, instead of a service, stop in the yards at Dallas, which caused appellee to fall from the top of the caboose.

The appellant answered by general demurrer, general denial, and, specially, contributory negligence and assumed risk. A trial resulted in a verdict and judgment in favor of plaintiff for $20,000, from which the railway company appeals.

Appellee alleges as a basis for recovery, in substance, as follows: "That he was in the employment of the defendant in the capacity of a freight brakeman, and on the 9th of November, 1907, he was rear brakeman on a southbound freight train from Denison, Texas, to Dallas, Texas, which was stopped in defendant's yards in Dallas. That it was his duty as the train approached Dallas to get on top of the train, which he did. That the usual, customary and proper method and manner of stopping trains in defendant's yards under the circumstances existing at the time the train he was on was stopped, was for the engineer to make a service application of the air and stop the train gradually, but that instead of doing this the engineer unnecessarily, improperly and negligently made an emergency application of the air and stopped the train so unusually and unnecessarily sudden as that plaintiff was thrown from his position on top of the caboose, and caused to fall between the cars and was thereby injured. That defendant and its employe, the engineer, were guilty of negligence in applying the air in the emergency and stopping the train so unusually and unnecessarily sudden, and in failing to make a service application of the air and in failing to stop the train gradually."

The evidence supports the foregoing allegations, and further shows that the appellee was severely injured, and there is no question raised as to the judgment being excessive. That an emergency or washout signal and a service signal are the same, except the emergency signal is given more rapidly than a service signal.

The first error assigned complains of the sixth paragraph of the charge, which is as follows: "When a person enters the employment of a railway company he assumes the risks and dangers ordinarily incident to such employment, but he does not assume any risks arising from the negligence, if any there be, on the part of such company, unless he knows of such negligence and the attendant risk, or in the exercise of ordinary care in the discharge of his own duty must necessarily have acquired knowledge thereof in time to have avoided injury therefrom."

The proposition made thereunder is as follows: "The practical effect of a charge to the jury that an employe does not assume any risks arising from the negligence of the employer 'unless he knows of such negligence and the attendant risk, or in the exercise of ordinary care in the discharge of his own duty must necessarily have acquired knowledge thereof in time to have avoided injury therefrom,' is to repudiate the old, old doctrine of patent and obvious risks, and is therefore error. The law is that an employe is chargeable with notice of, and is guilty of contributory negligence if he does not ascertain, those risks which are patent and open to common observation to a man of ordinary prudence engaged as the employe is."

The charge here complained of is in strict accord with the definition of assumed risk as announced by our Supreme Court in the case of Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347. So far as we know that case has never been overruled by said court, and until it is it is our duty to follow it. In Peck v. Peck, 99 Texas, 10, the Hannig case was reviewed, but we do not understand that the principle there announced was overruled.

It was the rule in the Dallas yards to bring trains to a standstill by making what is known as service stops, and the appellee assumed the risk of the train being stopped on this occasion in the usual and customary manner. He was not put on notice and not called on to anticipate that the train would be stopped in an unusual manner. There was no occasion for the sudden stopping of the train in the sudden manner in which it was stopped, and we are of the opinion there was no error in the court's charge defining assumed risk.

The second assignment of error complains of the following paragraph of the court's charge, viz.: "On the other hand, if you find and believe from the evidence that what is known as a 'washout stop signal' was given, and that the said engineer, Plummer, in the manner in which you find he operated the engine, applied the air, and stopped the train, exercised that degree of care that an ordinarily prudent person would have exercised under the same or similar circumstances; or if you find and believe from the evidence that plaintiff's injuries, if any he received, were caused by one of the risks or dangers which were ordinarily incident to his employment as a brakeman, then you will find for the defendant;" and in the same connection submits as error the refusal of special charges Nos. two, three and five, as follows:

No. 2. "In this case you are instructed that if you believe from the evidence that the engineer received a washout signal, you will return a verdict in favor of the defendant."

No. 3. "If you believe from the evidence in this case that the brakeman, W. M. Miller, or the conductor, J. H. Cain, gave a washout signal or signal to stop suddenly, and that the engineer obeyed such signal, you will return a verdict in favor of the defendant."

No. 5. "If you believe from the evidence that the engineer in charge of the train on which plaintiff was injured received a signal for a sudden stop, and made a sudden stop of the train, then no negligence can be imputed to the engineer for making a sudden stop and plaintiff would not be entitled to recover in this case."

Under these assignments the following proposition is submitted: "If a 'washout stop signal' was given to the engineer, there was no evidence under which plaintiff could recover on account of the manner he obeyed the same, and it was therefore error for the court to couple with paragraph three of the general charge submitting this issue the requirement that the jury must believe that in obeying such signal 'the engineer, in the manner in which you find he operated the engine, applied the air and stopped said train, exercised that degree of care that an ordinarily prudent person would have exercised under the same or similar circumstances,' and to refuse the special charges copied in the assignments which would have properly submitted such issue with such erroneous requirement of the general charge eliminated."

When the charge of the court is considered as a whole, and each paragraph in connection one with the other, we do not think the paragraph complained of is subject to the criticism urged by appellant. In the preceding section of the charge the court tells the jury, "If you further believe from the evidence that what is called an ordinary stop signal was given the engineer, and not what is known as a washout signal, and that in stopping said train in defendant's yard in the city of Dallas the engineer Plummer, operating the engine pulling said train, applied the air in such a manner as to cause said train to make a sudden, quick stop; and if you further believe from the evidence that the sudden quick stop of said train," etc., caused the injury, and in so applying the air, if so, and the engineer was guilty of negligence, etc., to find for plaintiff. Then the court proceeds to charge the reverse of the proposition in favor of the defendant, and the care in operating the train as used refers to the duty of the engineer in determining whether or not to make a service stop or a washout stop. In other words, whether or not he used care in applying the air so as to make a sudden stop or a gradual stop. If the charge was susceptible of such a construction the jury could not have been misled by it as the court gave the following special instruction requested by appellant, viz.: "In this case, you are instructed that if you believe from the evidence that the engineer received a signal, and that a person of ordinary care, situated as the engineer was at the time, would have reasonably construed such signal as a washout signal and would have applied his air in emergency, you will return a verdict in favor of the defendant, although you may believe from the evidence that the signal given was intended only for a stop signal, and was merely an ordinary stop signal."

If there was any ambiguity in the respect complained of, it was re-

lieved by the giving of the special charge, and the meaning of the court could not have been misunderstood by the jury.

The main issue raised by the evidence was whether the engineer was negligent in applying the emergency signal in stopping the train. The charge as given by the court properly applied the law, and there was no error in refusing the special charges.

There was no error in the court's charge on the burden of proof. Houston & T. C. Ry. Co. v. Johnson, recently rendered by this court (118 S. W., 1150).

The court having correctly charged on assumed risk, there was no error in the court refusing the requested charges relating to that subject.

Testimony was introduced as follows: "He, the engineer, had plenty of room to stop in, and the general custom under such circumstances is to stop gradually. I have frequently been on and seen trains stopped there under similar circumstances under which this train was stopped;" also, "The train was not stopped in the usual and customary way that trains in defendant's yard are stopped under the circumstances that existed when this train was stopped." The introduction of this testimony was objected to at the time offered, and its admission is assigned as error, in that it was an opinion and conclusion of the witnesses upon a question to be decided by the jury. We think the testimony was admissible. The witnesses testifying were experienced railroad men, were familiar with the yards at Dallas, and were competent to testify to such conclusion. But we are of the opinion that their testimony was not statements of a conclusion but statements of a fact. (International & G. N. Ry. Co. v. Villareal, 36 Texas Civ. App., 532; San Antonio & A. P. Ry. Co. v. Beam, 50 S. W., 411; Galloway v. San Antonio & G. Ry. Co., 78 S. W., 32.)

We have considered all the assignments, and as to those not here discussed we conclude they are not well taken.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.