GULF, C. & S. F. RY. CO. v. BROCK et al.

(Court of Civil Appeals of Texas. Austin. Oct. 16, 1912.)

1. TRIAL (§ 194*)—INSTRUCTIONS — WEIGHT OF EVIDENCE.

An instruction that if plaintiffs' cattle were delayed in transit for an unreasonable time by defendant carrier, that if the cars on which the stock was carried were not bedded or were improperly bedded and in bad repair, that if defendant failed to use ordinary care in handling the stock, and that if such acts, or any of them, if any, were caused by negligence and were the proximate cause of stock dying, plaintiffs could recover the reasonable market value of such cattle, etc., was not erroneous as being on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

2. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action against a carrier for death of cattle caused by negligent transportation, any error in permitting a witness to testify concerning the market value of the cattle on their arrival was harmless to defendant, where other witnesses testified on that point without objection, and verdict for plaintiff was for a less amount than that shown by the testimony objected to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

3. EVIDENCE (§ 537*)—EXPERT TESTIMONY—DISEASES OF CATTLE.

On an issue whether cattle died from injuries received in transportation or from the disease known as "blackleg," experienced cattlemen who had frequently observed cattle so affected were properly permitted to testify that only young cattle were affected by that disease, though witnesses were not veterinary surgeons.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2345; Dec. Dig. § 537.*]

4. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK — INJURY TO SHIPMENT — INSTRUCTIONS.

In an action against a carrier of live stock for injury to a shipment, an instruction that if defendant negligently failed to furnish a proper engine to move the cattle from a specified station, proximately causing the death of cattle, verdict should be for plaintiff, etc., was warranted by evidence that the shipment was moved by a defective engine, resulting in many sudden and violent stops which injuriously affected the cattle.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

Appeal from Milam County Court; John Watson, Judge.

Action by John A. Brock and another against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, A. H. Culwell, of Dallas, and Jno. G. Gregg, of Galveston, for appellant. Henderson, Kidd & Gillis, of Cameron, for appellees.

RICE, J. This suit was brought by appellees against appellant for the recovery of damages alleged to have been sustained by them to a shipment of 942 head of cattle from San Angelo to Hearne, resulting in the death of 22 head thereof, occasioned by the alleged failure of appellant to properly bed the cars, delay in loading, and rough handling en route caused by defective engine. The defense interposed, after general demurrer and general denial, was that the death of said cattle was caused by disease from which they were suffering when tendered for shipment, to wit, blackleg, or from the eating of noxious weeds, or from being too weak and poor to withstand shipment, and from no fault of the company, whereby it was not liable.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1] The trial resulted in a verdict and judgment for plaintiffs for $484, and appellant has prosecuted its appeal therefrom, urging, first, that the court erred in giving the following, among other things, in charge to the jury, to wit: "If you believe from the evidence in this case that the cattle shipped by plaintiffs were delayed for an unreasonable time in the pens of defendant at San Angelo, and that any of the cars transporting same were not bedded or were improperly bedded, and that said cars or any of them were in bad repair, and that defendant failed to exercise ordinary care in transporting and handling the cattle while in transit, and that such acts, or either of them, if any, was occasioned by negligence, as herein defined, and as the direct and proximate cause of such acts, or either of them, 1 head of cattle was killed or died in transit, and 20 other head afterwards died, then you are instructed to find for the plaintiffs the reasonable market value of the cattle so dead or died, at the time at Hearne, Tex."

This charge is assailed, first, on the ground that it expressly told the jury that, if they should find for plaintiffs at all, then they should return a verdict for them for the value of the 22 head of cattle, because this was on the weight of the evidence; insisting that since it had pleaded and introduced evidence showing that such cattle had probably died either from said disease or from eating noxious weeds, or because they were when shipped too weak and poor to withstand shipment, it was error to so charge the jury. It must be borne in mind, however, that the paragraph complained of does not permit a recovery unless the jury should believe from the evidence that the death of said cattle resulted as the proximate cause from the negligence alleged by plaintiffs, etc. If they so believed, then it is clear that it was their duty, we think, to so find; and we cannot conceive how such a charge can be regarded as upon the weight of evidence. Each issuable fact was submitted as one to be found by the jury before a verdict could be returned for plaintiffs. There was not even an intimation that could lead the jury to believe that the court thought the evidence supported the plaintiffs' contention. Therefore the charge, we think, was not open to the objection urged.

[2] Even if it be conceded that the court erred in permitting the witness Brock to testify in reference to the market value of the cattle upon their arrival at Hearne, which we do not concede, still it was not reversible error for the reason that other witnesses testified, without objection, as to the value of said cattle at said place, and the verdict was for a less amount than shown by the evidence of Brock. Besides this, the witness Brock testified that he had handled cattle for a number of years, and knew the market value at Hearne of the grade of cattle in question during the month of October, 1910, when the cattle were received there.

[3] Another of the issues involved was whether the dead cattle, which were grown cows, died from the effects of injuries received in the shipment or from the disease known as blackleg. The witnesses Cavett, Neighbors, and Todd, all of whom were shown to be experienced cattlemen, and who had frequently seen and observed cattle with blackleg, and knew of the treatment for such disease, were allowed to testify, over defendant's objection, that grown cattle were never affected by this disease, but only young cattle, such as yearlings and two year olds. This evidence was objected to on the ground that said witnesses were not veterinary surgeons, nor experts, and therefore should not be permitted to express an opinion relative thereto. We think the court did not err in allowing them to testify. Persons such as these, who had long experience in handling cattle, and much observation with reference to the disease of cattle, as it appears they had, and especially with the disease under consideration, are properly permitted to express their opinion as to the kind and character of cattle attacked by such disease; for which reason the court, in our opinion, did not err in refusing to sustain the objection made by the defendant. See Nations v. Love, 26 S. W. 232; Ft. Worth & Denver City Ry. Co. v. Hagler, 38 Tex. Civ. App. 52, 84 S. W. 692; M., K. & T. Ry. Co. v. Williams, 56 Tex. Civ. App. 246, 120 S. W. 553; Texas & Pacific Ry. Co. v. Warner, 42 Tex. Civ. App. 280, 93 S. W. 489.

[4] Appellant complains of special charge No. 1, given at the instance of plaintiffs, on the ground that it instructed the jury to find for them if there was any damage to the cattle due to delay caused by defective engine between Brownwood and Zepher, claiming that there was no evidence of damages caused by such delay. We think that appellant clearly misapprehends the language of the charge complained of. The charge merely told the jury that if they believed from the evidence that defendant failed to furnish a proper engine to move the cattle from Brownwood, and that such failure, if any, was negligence, as that term was explained in the main charge, and if they should find that such negligence, if any, was the proximate cause of the death of the cattle, then they would find for the plaintiff, unless they found for defendant under other instructions submitted to them. It is true that the evidence showed no delay between Brownwood and Zepher, but it did show that appellant, between said points, was using a defective engine, by reason of which there were many and frequent sudden and violent stops; and the testimony of the witnesses showed that this had a very bad effect upon the shipment of cattle, causing some of them to fall or lie down, by reason of which they were tram-

pled by the others and injured. The charge, we think, was applicable under the evidence, and it was not error to give same, for which reason we overrule the assignment based thereon.

This disposes of the errors assigned. The evidence, in our judgment, is ample to support the verdict; and, finding no reversible error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.