TEXAS & PACIFIC RAILWAY COMPANY v. W. W. WARNER ET AL.

Decided March 10, 1906.

1.—Objection to Testimony—Trial Court.

Objections to testimony not made in the trial court can not be urged on appeal.

2.—Expert Testimony—Discretion of Court.

Whether a witness has qualified himself to testify as an expert, or to express an opinion upon a subject undergoing investigation, is a question for the determination of the trial court, and its action will not be reviewed by an Appellate Court unless a gross abuse of discretion is made to appear.

3.—Statement of Fact—Not Opinion.

A witness testified that he examined the contents of a car upon arrival at destination and discovered that the goods had not been properly and securely packed; that from the general appearance of the goods it was his judgment that the damaged condition of the shipment was due to careless and improper packing in the car; that from the evident condition of the packing of said car it must necessarily have resulted in injury to the goods in the usual and customary carriage of a freight car; and that the injury was caused by the goods being insecurely packed. Held, a statement of fact, and not merely an opinion of the witness.

Appeal from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*T. J. Freeman* and *Hall, Flippen & McCormick*, for appellant.— Expert testimony is only admissible in a case where the point at issue is not within the range of common experience and observation, and therefore not intelligible to jurors without an explanation. Where admissible, the facts upon which the opinion is based must either be within the personal knowledge of the witness, or the opinion must be based upon a hypothetical case; in either case all of the facts necessary to support an intelligent opinion must be present.

Non-expert opinions can not be admitted when the matter to which the opinion relates can otherwise be reproduced or made palpable to

the jurors so that they may draw correct or intelligent conclusions from the facts produced. Opinion testimony can not be permitted to usurp the proper function of the jury. Armendaiz v. Stillman, 67 Texas, 463; Ft. Worth & D. C. R. R. Co. v. Thompson, 75 Texas, 503, et seq.; Half, Weiss & Co. v. Curtis, 68 Texas, 642; Johnson v. Martin, 81 Texas, 20; Harris v. Nations, 79 Texas, 413; Kaufman & Runge v. Babcock, 67 Texas, 244-5; Clardy v. Callicoate, 24 Texas, 173; Kansas & G. S. L. R. R. Co. v. Scott, 1 Texas Civ. App., 4; Gulf, C. & S. F. R. R. Co. v. Richards, 83 Texas, 206; Gulf, C. & S. F. R. R. Co. v. Hepner, 83 Texas, 140; Shifflet v. Morelle, 68 Texas, 388.

Where the question at issue was as to the liability, as between the Texas & Pacific Railway Company and the St. Louis & San Francisco Railroad Company, for the damage to the shipment, first discovered at destination on the line of the St. Louis & San Francisco Railroad Company, the opinion as to the cause of the damages, of the witness Warner (who only knew the condition of the packing at Wills Point, and the condition of the shipment in the car at destination), and the opinions, as to the cause of the damage, of the witnesses Harding and Clement (the former of whom never even saw the shipment while aboard the cars, and the latter of whom only knew as to the condition of the shipment in the car at destination)—none of said witnesses having any personal knowledge either as to the packing by the Texas & Pacific Railway Company, at the time the shipment was transferred to the new car, or as to the handling of the shipment on the line of either road from Wills Point to Springfield—were not admissible to prove on which road the damage occurred, or that same resulted from improper packing when transferred into another car by the Texas & Pacific Railway Company before delivery to the St. Louis & San Francisco Railroad Company at Sherman. St. Louis & S. W. R. R. Co. of Texas v. Ball, 66 S. W. Rep., 881-2; Johnson v. Galveston, H. & S. A. R. R. Co., 30 S. W. Rep., 96; Gulf, C. & S. F. R. R. Co. v. White, 32 S. W. Rep., 324; International & G. N. Ry. Co. v. True, 23 Texas Civ. App., 525.

The final carrier, transporting a shipment, originally delivered to a connecting carrier in an undamaged condition, when the damage is first discovered on the line of such final carrier, is liable for all of such damage as is not shown by proof to have occurred prior to the receipt of the shipment by it, or to have proximately resulted from the negligence of a previous carrier, and the previous carrier is only liable for such portion of the damage as proximately resulted from its negligence. Texas & P. Ry. Co. v. Kelly, 74 S. W. Rep., 343; Gulf, C. & S. F. Ry. Co. v. Edloff, 89 Texas, 458; St. Louis & S. W. Ry. Co. of Texas v. Cohen, 55 S. W. Rep., 1123; Houston & T. C. R. Co. v. Ney, 58 S. W. Rep., 43.

*Ethridge & Baker,* for appellee.—Whether a railroad car is properly loaded or not, is a question of fact and not of opinion, to be answered by a witness who has shown himself qualified to the satisfaction of the trial court. Texas Cent. Ry. Co. v. Lyons, 34 S. W. Rep., 362; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 173.

Expert opinion is admissible upon any subject which, in the judgment of the trial court, will be made clearer by its introduction, and

"every calling which has a particular class devoted to its pursuit is an art or trade, and persons instructed therein by study or experience may give their opinions in evidence." Ft. Worth & D. C. Ry. Co. v. Thompson, 75 Texas, 503; Galveston, H. & S. A. Ry. Co. v. Bohan, 47 S. W. Rep., 1052; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 173; Gulf, C. & S. F. Ry. Co. v. Matthews, 66 S. W. Rep., 590.

A non-expert witness is competent to express his opinion upon any subject in issue, which does or does not require special skill, when he has first recited the facts upon which he predicates his opinion, the jury to determine the weight to be accorded such opinion. Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 203; Ethridge v. San Antonio & A. P. Ry. Co., 39 S. W. Rep., 204; Missouri Pac. Ry. Co. v. Jarrard, 65 Texas, 566; Ft. Worth & D. C. Ry. Co. v. Wilson, 3 Texas Civ. App., 586; Ft. Worth & D. C. Ry. Co. v. Hyatt, 12 Texas Civ. App., 437; Gulf, C. & S. F. Ry. Co. v. John, 9 Texas Civ. App., 345; Gulf, C. & S. F. Ry. Co. v. Locker, 78 Texas, 283; Gulf, C. & S. F. Ry. Co. v. Klaus, 64 Texas, 294; International & G. N. Ry. Co. v. Larkin, 64 Texas, 454; Houston & T. C. Ry. Co. v. Daniels, 9 Texas Civ. App., 257; Montana Ry. Co. v. Warren, 137 U. S. Rep., 348; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 173.

Whether expert evidence is admissible upon any subject of inquiry, is a question which lies within the discretion of the trial court, and its action thereon will not be reviewed on appeal, unless a gross abuse of said discretion be made to appear. Gunlach v. Schott, 61 N. E. Rep., 332; Jackson v. Grand Ave. Ry. Co., 24 S. W. Rep., 192.

An objection to the admission of the testimony of a witness upon the ground that it is an opinion, and the matter one upon which the opinion of the witness is inadmissible, raises merely a question as to the character of the evidence, and does not raise a question as to the qualification and competency of the witness. Little Rock Ry. v. Shoecraft, 20 S. W. Rep., 272; Hoxie v. Allen, 38 N. Y., 175; Brumley v. Flint, 25 Pac. Rep., 683.

Whether a witness has sufficiently observed and considered the particular matter under consideration to qualify him to form and express an opinion thereon, is a question, if raised, for the trial court, and its action will not be reviewed, unless a gross abuse of its discretion be made to appear. Texas & St. L. Ry. Co. v. Kirby, 44 Ark., 103; Sears v. Seattle, 33 Pac. Rep., 389; Enc. of Evidence, p. 662.

A party to a suit can not raise the question as to whether a witness has qualified to express his opinion upon any subject in issue, unless the evidence (which need not necessarily appear in the record) upon which the court acted in determining whether his opinion was admissible, appears in the record, "either in the bills of exception, or in some other proper manner." Hardin v. Sparks, 70 Texas, 433; Texas & Pac. Ry. Co. v. Raney, 86 Texas, 365; Galveston, H. & S. A. Ry. Co. v. Daniels, 9 Texas Civ. App., 257; Gossler v. Eagle, 103 Mass., 331.

If the matter in issue be one upon which the witness may express an opinion, he may do so, even though his opinion embraces the very question in issue. Scalf v. Collin Co., 80 Texas, 517; Galveston, H. & S. A. Ry. Co. v. Puente, 30 Texas Civ. App., 257; Gulf, C. & S. F. Ry. Co. v. John, 9 Texas Civ. App., 345.

It is harmless error to allow a witness to express an opinion that is in accord with all the evidence in a case, or merely cumulative. International & G. N. Ry. Co. v. Vinson, 28 Texas Civ. App., 247; Hardin v. Sparks, 70 Texas, 432.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by W. W. Warner against the Texas & Pacific Railway Company and the St. Louis & San Francisco Railroad Company for the recovery of $1,800 as damages for loss and damage, itemized at $1,473.50, sustained en route by a printing press outfit shipped by the plaintiff from Wills Point, Texas, to Springfield, Missouri, over the lines of said defendant. The plaintiff alleged negligence in handling, and especially in transferring and reloading said shipment into a new car, en route, after the goods had been carefully packed for shipment by plaintiff before delivery to the railway companies at Wills Point, Texas.

The Texas & Pacific Railway Company answered by general exception and general denial, and by special plea, that its duties in respect to the transportation of said shipment and its liability was, by a written contract, limited to its own line of road, and that it properly handled the shipment and delivered the same in good condition and without injury to the St. Louis & San Francisco Railroad Company at Sherman, Texas, its connecting point with its co-defendant. Said defendant asked for judgment over against the St. Louis & San Francisco Railroad Company.

The St. Louis & San Francisco Railroad Company answered by general exception, and general denial, and by special plea that it first received the shipment from the Texas & Pacific Railway Company at Sherman, at which time the same was in a sealed car, covered by the Texas & Pacific Railway Company seals, which were not broken while in its possession, it not being customary to open sealed carload shipments received from connecting carriers. That the car was carefully and properly handled and not damaged on its road by any negligence on its part, but that the injury to said shipment, if any, occurred before its possession or control of the shipment began at Sherman, and that if any damage occurred on its road, the same was on account of improper packing in the car when delivered to it. Said defendant asked for judgment, and in case any recovery was had against it, that it have judgment over against the Texas & Pacific Railway Company.

The case came on for trial on the 19th day of April, 1905, and judgment was rendered in favor of the plaintiff against the Texas & Pacific Railway Company in the sum of $1,313.60, together with six percent interest from date; that plaintiff take nothing against the defendant, the St. Louis & San Francisco Railroad Company, and that neither of the defendants recover anything on their pleas against each other. The Texas & Pacific Railway Company has appealed.

The evidence is sufficient to warrant the following conclusions of fact: On or about the 29th day of August, 1903, plaintiff Warner delivered to appellant at Wills Point, Texas, in good condition for transportation, a printing outfit, consisting of the various articles of property mentioned in his petition. The goods were carefully packed in a Texas & Pacific car at Wills Point, Texas. Some of the goods

were packed in paper and excelsior boxes, some in barrels and bundles and other parts, not liable to breakage, were shipped without packing. The type cases were placed one above the other with paper carefully placed between, then strongly cleated together and at both ends. The machinery was so distributed about the car and securely blocked or fastened that it could not be made to touch any other piece or overturned, without some violent handling and motion of the car. When the car in which the goods were packed at Wills Point reached Sherman, they were by the appellant, the Texas & Pacific Railway Company, transferred to and reloaded in another car, after which said car was sealed and the same, together with the goods, as they were placed therein by appellant, delivered to the St. Louis & San Francisco Railroad Company to be conveyed by the latter company to Springfield, Missouri. When the car in which the goods had been placed by appellant at Sherman, Texas, arrived at Springfield, some of the goods were missing, various articles were found scattered in different parts of the car, the heaviest pieces piled up in the middle section thereof and broken and otherwise injured in such manner that appellee Warner sustained damages by reason thereof in the sum found by the jury. The car was properly handled by the St. Louis & San Francisco Railroad Company en route from Sherman, Texas, to Springfield, Missouri, and none of the damage or injury to the property in question was occasioned by any act of negligence on its part, but was the result of the negligence of appellant, consisting either of the improper or rough handling of the car, in which the goods were shipped from Wills Point, Texas, to Sherman, Texas, or a failure to properly load, pack and make secure said property in the car in which it was reloaded at Sherman, which negligence was the proximate cause of the goods being damaged.

Appellant's first, second, third, fourth, fifth and sixth assignments of error are grouped and complain of the admission of certain testimony of the witnesses Warner, Harding and Clements. These witnesses were permitted to testify over the objection of appellant, in substance, that when they first examined the contents of the car at Springfield, upon its arrival there, they discovered that the goods had not been properly and securely packed; that from the general appearance of the goods on the delivery at Springfield it was their judgment that the damaged condition of the shipment was due to careless and improper packing of the goods in said car; that from the evident condition of the packing of said car it must necessarily have resulted in injury to the goods and machinery in the usual and customary carriage of a freight car; and that the injury was caused by the goods being insecurely packed in that car. The gist of appellant's objection to this testimony, in the court below, was that the same was merely an opinion of the witnesses, not based upon actual knowledge of the facts necessary to be known in order to make such an opinion of any value and constitute a sufficient basis for its introduction, and hence such testimony was inadmissible.

No specific objection was urged to the introduction of the evidence, either on the ground that the witnesses were not qualified to testify as experts, or that the matter to which it related was not the subject of expert testimony. The objection made, that it was an opinion, and the matter one upon which the opinion of the witnesses was inadmissible,

raised merely a question as to the character of the evidence, and did not raise a question as to the qualification and competency of said witnesses. (Little Rock Ry. Co. v. Shoecraft, 20 S. W. Rep., 272.) Appellant, however, seeks, as we understand it, to raise these questions for the first time in this court. This, we think, it can not do. No objection having been made in the trial court, to the effect that neither of the witnesses, whose testimony is claimed to have been improperly admitted, had qualified as an expert to express an opinion, and that the fact sought to be established thereby was of such a character as did not admit of proof by expert or opinion evidence, such objections can not, properly, be made in this court or considered by it. Especially is this true since, whether expert or opinion evidence is admissible upon any subject undergoing investigation by the court, is a question which rests largely within the discretion of the trial court. But if it should be conceded that appellant's bill of exceptions and assignments of error are sufficient to raise and present the questions as to whether the witnesses Warner, Harding and Clements, or either of them, qualified as experts, still the evidence upon which the trial court acted in admitting the opinion of said witnesses as to whether the goods shipped were properly loaded and the cause of the damage thereto, is not saved and placed before this court, either in said bill of exceptions or otherwise. Without such evidence this court can not intelligently review the action of the lower court and will not assume to do so. Whether the witness has qualified himself to testify as an expert upon any subject of inquiry, is a question for the determination of the trial court and its action will not be reviewed by an Appellate Court unless a gross abuse of its discretion is made to appear. Such an abuse of discretion can not be made to appear on appeal unless, practically all the evidence upon which the trial court's action was based, is shown by the record, "either in the bill of exceptions or in some other proper manner." In the case of Hardin v. Sparks, 70 Texas, 433, the appellant insisted that a witness, which had been allowed to testify as an expert had not shown himself qualified to express the opinion, and the court said: "The presumption, in the absence of a statement to the contrary in the bill of exceptions, is, that the court satisfied himself by proper inquiry as to the competency of the witness to testify as an expert, and the mere statement that the objection was on the ground that the witness had not shown himself qualified is not enough to rebut the presumption. A party who seeks to raise such a question should show in the bill of exceptions, or in some proper way, what examination, or that no examination, was made to test the witness as an expert." So, too, is the qualification of a non-expert witness, that is, whether he has "sufficiently observed and considered the particular matter under consideration to qualify him to form and express an opinion thereon, a question for the trial court's decision, and its action subject to review only when an abuse of the discretion is shown." In the case of Texas & St. Louis Ry. Co. v. Kirby, 44 Ark., 103, it is said: "Whether a witness had such knowledge of the facts as to make his opinion of value, is, in a great measure, at the discretion of the circuit judge." And in the case of Galveston, H. & S. A. Ry. Co. v. Daniel, 9 Texas Civ. App., 257, it is said: "One who has had special opportunities for informing

himself as to a knowledge of facts upon which can be predicated a reasonable opinion, may, when the trial court is satisfied with his means of knowledge, express that opinion, which may be weighed by the jury, and whether the witness had qualified himself to testify as to the particular matter is a question to be determined by the trial court, and its action will not be reviewed unless a gross abuse of its discretion is made to appear," citing Montana Ry. v. Warren, 137 U. S., 348; Stillwell & Bierce Manufacturing Co. v. Phelps, 130 U. S., 520. The record before us shows no such abuse of the trial court's discretion in respect to the matters discussed as would authorize this court to disturb its judgment. The point made in argument that the witness Harding stated that he "did not see the shipment in the car" should not, in our opinion, in view of all the evidence, lead to a conclusion different from that reached. This seems to be an isolated statement of the witness and inconsistent with his other testimony and the testimony of the other witnesses. Appellee Warner testified: "I had the shipment, before unloaded, carefully examined by a Mr. Chalfant, a practical printer of Springfield, Mo.; by H. S. Jewell, a publisher, and by George Harding, a practical printer, also of Springfield." Harding himself testified: "It was my judgment from the general appearance of the shipment after the seal was broken that the damaged condition of the shipment was due to the improper storing or packing of the goods in said car," etc. We think, in view of the state of the record, it must be assumed that, notwithstanding the statement referred to, the witness Harding, upon the whole, recited such facts upon which his opinion was based as satisfied the trial court of his competency. Besides, if it be conceded that all the evidence upon which the trial court acted in admitting the opinions of the witnesses, was preserved and incorporated in the transcript sent to this court, and the question, as to whether the opinions were properly admitted, presented for adjudication here, then we think it clear that the witnesses Warner and Clements recited sufficient facts upon which their opinions were based as to render, under the decisions of this State, such opinions admissible. If correct in this, we think it follows that the opinion expressed by the witness Harding, is in harmony with their testimony and in fact with all the evidence adduced upon the subject, is merely cumulative thereof, and resulted in no harm to appellant. (Gulf, C. & S. F. Ry. Co. v. Dunman, 85 Texas, 176; Missouri Pac. Ry. Co. v. Jarrard, 65 Texas, 566; Ethridge v. San Antonio & A. P. Ry. Co., 39 S. W. Rep., 204; Gulf, C. & S. F. Ry. Co. v. John, 9 Texas Civ. App., 345.) Aside, however, from the foregoing treatment of the questions, we are inclined to think that the testimony was admissible because the same was the statement of facts and not merely an opinion of the witnesses. (Texas Central Ry. Co. v. Lyons, 34 S. W. Rep., 362; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 173; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 206.)

The court charged the jury to the effect that "if appellant in reloading the shipment of goods at Sherman, upon the Frisco car, did not exercise ordinary care to properly reload and pack said goods, and such failure was the direct and proximate cause of the goods being damaged while in transit from Sherman to Springfield, Mo., to find in

favor of the defendant, St. Louis & San Francisco Railway Company, over against appellant such damages as occurred between said points."

It is contended in effect that this charge is erroneous in that (1) it made appellant liable for all the damage occurring between Sherman, Texas, and Springfield, Missouri, if the jury believed appellant was guilty of negligence in reloading the goods at Sherman, whereas the jury may have believed appellant guilty of such negligence and yet may not have believed the same caused all of the damage; (2) that the St. Louis & San Francisco Railroad was the final carrier and the one on whose road the damage to the goods was first discovered, and the evidence was insufficient to remove the presumption of law that the entire damage occurred while said goods were in its possession and through its negligence. To this contention we do not agree. In addition to the paragraph complained of by appellant, the court instructed the jury as follows: "If you believe from the evidence that defendant Texas & Pacific Railway Company did exercise ordinary care to properly reload and pack the goods on the car at Sherman, Texas, then you will not find against said defendant anything for damages to said goods, if any, occurring between Sherman and Springfield, Mo., and if you believe from the evidence that the alleged lost goods were not lost between Wills Point and Sherman you will not find anything for lost goods over against the Texas & Pacific Railway Company. If you find for the plaintiff and also find from the evidence that a part of the damage occurred on each of the defendant company railroads, you will find for the plaintiff against each defendant the damages that occurred on its line, without the fault of the other, if any. If you find all the damages occurred upon one line or the other you will find for plaintiff against such defendant."

When considered as a whole, as must be done, the court's charge fairly and correctly presented the law applicable to the facts. The evidence was sufficient to rebut any presumption of liability on the part of the St. Louis & San Francisco Railroad Company, and justified the jury's conclusion as manifested by their verdict, that the damage to appellee's property was the proximate result of the negligence of appellant while the same was in transit from Wills Point to Sherman, or, the failure on its part to exercise that degree of care and caution that a person of ordinary prudence would have exercised under the same circumstances in transferring and reloading said property at Sherman, Texas.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.