TEXAS & P. RY. CO. v. EDDLEMAN.
(No. 8131.)

(Court of Civil Appeals of Texas. Ft. Worth. March 13, 1915. Rehearing Denied April 17, 1915.)

1. APPEAL AND ERROR &⟶1062 — HARMLESS ERROR—SPECIAL ISSUES—VERDICT SUSTAINED BY OTHER FINDINGS.

Where plaintiff's automobile was struck by a backing train at a street crossing, the submission of special issues whether the flagman was at his post on the crossing and was using due care, and, if not, whether the collision would have occurred if he had done so, was not reversible error, although not based on the pleadings, where the verdict was sustained by findings on other issues submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. &⟶1062.]

2. APPEAL AND ERROR &⟶1062 — HARMLESS ERROR—SPECIAL FINDINGS — VERDICT SUSTAINED BY OTHER FINDINGS.

Where plaintiff's automobile was struck by a backing train at a street crossing, special findings that the view of the track was obstructed by a switch shanty was not prejudicial error where the sufficiency of the judgment did not depend thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. &⟶1062.]

3. RAILROADS &⟶347—OPERATIONS—BUILDINGS NEAR TRACK—EVIDENCE.

The erection and maintenance of buildings near a railroad track, although not necessarily constituting an independent ground of negligence, may be shown on the question of contributory negligence and of the exercise of due care in the operation of trains near such buildings.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1124–1137; Dec. Dig. &⟶347.]

4. APPEAL AND ERROR &⟶1070 — HARMLESS ERROR—SPECIAL VERDICTS.

A finding upon an immaterial issue in a special verdict, if the judgment does not conflict with the findings on material issues, is immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. &⟶1070.]

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. RAILROADS ☜347 — OBSTRUCTIONS OF CROSSINGS—EVIDENCE.**

Where a plaintiff's automobile was struck by a backing train at a street crossing, evidence that plaintiff deviated from the direct route and went around a switch shanty at the crossing because hacks were lined up on the other side was admissible on the issue of contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1124–1137; Dec. Dig. ☜347.]

**6. APPEAL AND ERROR ☜1052 — HARMLESS ERROR—ERROR FAVORABLE TO COMPLAINING PARTY.**

Where plaintiff's automobile was struck by a backing train at a street crossing, the admission of plaintiff's testimony that, if the bell on the locomotive had been rung; he would have heard it, could. not be complained of by defendant where the jury found specially that the bell was in fact rung.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. ☜1052.]

**7. APPEAL AND ERROR ☜1062 — HARMLESS ERROR—MEASURE OF DAMAGES.**

Where plaintiff's automobile was struck by a backing train at a street crossing, the submission of a special issue as to the reasonable cost of repairing an automobile was not prejudicial to defendant as not submitting the proper issue of damages, where such measure was submitted in another special issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. ☜1062.]

**8. TRIAL ☜351 — . SPECIAL FINDINGS — REQUESTS—ACCIDENT AT CROSSING.**

Where plaintiff's automobile was struck by a backing train at a street crossing, a special finding as to whether the collision would have occurred if the train had not been moving faster than six miles an hour, stating an element of proximate cause not in itself objectionable, was proper in the absence of a request that other elements be included.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 834–839; Dec. Dig. ☜351.]

**9. RAILROADS ☜348—COLLISION AT CROSSING—SPEED OF TRAIN.**

In an action for injuries sustained in a collision between plaintiff's automobile and defendant's train at a street crossing, evidence *held* to support a special finding that the train was moving faster than six miles an hour.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 822, 823, 827; Dec. Dig. ☜348.]

Appeal from Tarrant County Court; Chas. T. Prewitt, Judge.

Action by W. H. Eddleman against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Thompson & Barwise and George Thompson, all of Ft. Worth, for appellant. A. B. Curtis, of Ft. Worth, for appellee.

BUCK, J. On March 5, 1913, appellee's automobile was struck by appellant's train of cars which was backing westward on its track across Main street, in the city of Ft. Worth, Tex. Appellee was driving his automobile at the time, and, in an effort to reach the front of the Union Depot, drove around and south of the flagman's house on

defendant railway company's right of way. Plaintiff alleged negligence on the part of the defendant railway company:

"(1) Because of the presence of the flagman's house, which he alleged obstructed plaintiff's view eastward, from which direction the train was backing; (2) because the defendant railway company failed to sound the whistle on its locomotive or ring its bell within 80 rods from this public crossing, the crossing being alleged to be situated in an incorporated town or city, and did not continuously ring said bell, as required by law, up to the time the train reached said crossing; (3) that the train which ran into said automobile was running in excess of 6 miles an hour at the time of the accident, which excess speed was prohibited by an ordinance of the city of Ft. Worth; (4) that said defendant railway company failed to exercise ordinary care, in that it did not have a man on the watch-out on the hind end of the rear car of said train; and (5) that it had no watchman at said crossing as they [it] usually and customarily had."

Negligence was alleged against the Northern Texas Traction Company in having one of its cars standing on or near the railroad track, so as to further obstruct plaintiff's view up said railroad track eastward.

The defendant railway company denied negligence in any of the respects named, and pleaded contributory negligence on the part of plaintiff in failing to keep a lookout for said approaching cars and train, and in choosing a dangerous way to cross the tracks when there was a safe way open and available to him, and further. alleged that it had a flagman on duty, and that it had an employé on the hind end of the rear car for the purpose of keeping a lookout, and further denied the excess speed alleged. The traction company denied any negligence and any participation in the injury alleged by plaintiff.

The cause was submitted to a jury on special issues in the county court, and from a verdict and judgment in favor of plaintiff and against the defendant railway company for the amount sued for, to wit, $145.30, and in favor of the traction company upon an instructed verdict, the railway company appeals.

The pleadings of all parties in the court below were largely oral, and the transcript includes such oral pleadings, with the exceptions of counsel, the remarks and rulings of the court, and the remarks of counsel interlarded therein. In passing, we feel that it is incumbent upon us to suggest that this practice should not be encouraged; that it unnecessarily enlarges the transcript, and renders it difficult for an appellate court to readily determine the issues involved in the suit.

The cause was submitted to the jury on 13 special issues tendered by the plaintiff and 9 by the defendant railway company. Issue No. 9 submitted by plaintiff was as follows:

"Did the flagman, Walter Carnahan, at or immediately prior to said collision, remain at the position and use the care and prudence that

an ordinarily prudent person would under the same or similar circumstances?"

Issue No. 10 reads:

"If you have answered 'No' to question No. 9, then would said collision have occurred if said Carnahan had remained at the position and used the care and prudence of an ordinarily prudent person under the same or similar circumstances?"

[1] In appellant's first, second, and third assignments error is charged because of the submission of these two issues; it being claimed that such issues were not based upon any pleading in the case, and were therefore improper. It will be remembered that the appellee alleged as one of his grounds of negligence on the part of appellant that:

"They were guilty of negligence in that they had no watchman here at this crossing, as they usually and customarily have, and should have in order to prevent the plaintiff going on the track, and that that act of negligence proximately caused said damage."

Appellant urges that this allegation only presents the issue of whether or not it was negligent in failing to have a watchman on duty at this crossing, and not whether or not such watchman exercised ordinary care to prevent injury to plaintiff. Even though it be conceded that the pleadings did not raise the issues submitted however, since appellant's liability was sufficiently fixed to sustain the verdict and judgment by the jury's finding as to other issues submitted, and especially as to the issue of excessive speed of appellant's train at the time of the accident, we are of the opinion that the assignments mentioned in any event do not present reversible error, and hence they are overruled.

[2] In its fourth assignment error is urged to the action of the court in overruling appellant's special exception No. 2, which was directed to that part of plaintiff's petition which reads as follows:

"Plaintiff amends and pleads that the Texas & Pacific Railway Company had on its right of way and on the crossing and on the public highway a switch shanty or house that obstructed the view of plaintiff and other persons passing on the west side of the shack, so that plaintiff could not see up eastward in the direction that the train was backing into the street from, and that the maintaining and keeping of this shack so as to obstruct his view was an act of negligence, and the failure to exercise due and ordinary care, but contributed proximately together with this negligence in backing, without proper safeguards, into the plaintiff, and contributed proximately to the damage caused."

There was no issue of fact submitted to the jury based upon this pleading, unless issues Nos. 7 and 8 submitted by plaintiff can be said to be so predicated. Issue No. 7 reads as follows:

"Were there any obstructions that prevented plaintiff from seeing eastward along the track of said Texas & Pacific Railway Company until plaintiff in said automobile reached a point going southward as far south as the front of the watchman's shack?"

And issue No. 8 reads:

"If you have answered 'Yes' to question No. 7, then what were said obstructions?"

To issue No. 7 the jury answered, 'Yes;' and to issue No. 8 they answered, "Shack, street car, and telephone booth."

[3] While the erection and maintenance of buildings and other obstructions on or near to a railway company's track may not constitute an independent ground of negligence, yet their presence is admissible in evidence as a circumstance which may shed light upon whether or not the plaintiff exercised due care and was free from contributory negligence, and as to whether or not, under the circumstances, the defendant exercised due care in the manner in which it operated its trains in the vicinity of such buildings or other obstructions. Railway Co. v. Harris, 22 Tex. Civ. App. 16, 53 S. W. 599; I. & G. N. Ry. Co. v. Knight, 91 Tex. 660, 45 S. W. 556; M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956.

[4] But in any event the judgment does not depend for its sufficiency on the findings of the jury upon these two issues. "A finding upon an immaterial issue in a special verdict, if the judgment does not conflict with the findings on material issues, is immaterial." Kelley v. Ward, 94 Tex. 289, 60 S. W. 311. Hence the fourth assignment is overruled, and likewise the fifth, which is predicated upon the action of the court in submitting issue No. 7, quoted above. Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956.

[5] Under its sixth assignment appellant urges error by the court in admitting over objection the following question propounded by counsel for plaintiff to plaintiff:

"Now, why did you start to turn around there, Mr. Eddleman, going the way you were?"

The defendant objected to said question for the reason that it was irrelevant and immaterial and had no bearing upon any issue of this case. No objection is urged under said assignment to the answer of the witness, but bill of exceptions No. 10 discloses that the witness answered as follows:

"I intended when I started to cross there to go in this side of the little house, you understand, and we kept going along. The hacks were standing all backed up until I could not get through on this side. Then we went on until we got about where the car and hacks were backed up, just about where the car was, and we had to go around."

We believe that said question and answer were admissible and relevant upon the issue of plaintiff's contributory negligence vel non. Therefore the sixth assignment is overruled.

[6] The seventh assignment complains of the admission of testimony of the witness McFarland to the effect that, if a 30-pound bell on the engine of defendant's train had been ringing as said engine approached the public crossing where the accident occurred, he would have heard the same. Appellant urges that the answer of said witness was irrelevant, immaterial, and called for a conclusion of the witness, and therefore invaded the province of the jury. It has been held by numerous authorities that a witness may

testify as to a conclusion when the facts upon which the conclusion are based appear. Railway Co. v. Richards, 83 Tex. 206, 18 S. W. 611; T. & P. Ry. Co. v. Warner, 42 Tex. Civ. App. 280, 93 S. W. 489. Appellant cites us to the case of Railway Co. v. Anderson, 126 S W. 928, in support of this assignment, which merely holds that, where positive evidence was introduced by the defendant that the bell on the engine was rung, and plaintiff's witnesses testified that they did not know whether it was rung or not, an instruction basing actionable negligence on a failure to ring the bell is without evidence to support it. But the answer of the jury in reply to special issue No. 3 submitted by plaintiff, to wit, "Did the defendant, Texas & Pacific Railway Company, or its agent, continuously ring the bell of its said locomotive for a distance of at least 80 rods to said Main street crossing as it came to said crossing?" was, "Yes." The finding of the jury being in favor of the appellant upon this issue, it cannot complain of the admission of any testimony which, at the most, only tended to show that said bell was not rung. Said witness McFarland, in answer to the question propounded, stated:

"I did not hear any locomotive bell ringing as I approached the crossing there; my hearing is good in this ear, but it is not in this one. I can hear reasonably well—as well as the ordinary man. If a 30-pound locomotive bell had been continuously ringing as that train approached the Main street crossing there I think I would hear it."

On cross-examination he answered:

"I don't know whether I heard the whistle or not, and I do not remember the bell."

The assignment presenting no material error, it is overruled.

[7] In its eighth specification the appellant urges error in the submission of issue No. 12 submitted by plaintiff, which was as follows:

"What was the reasonable cost to plaintiff of making the repairs to said automobile which were necessitated by said collision?"

To which the jury answered:

"Amount prayed for."

It is urged that this issue does not submit the proper measure of damages. Inasmuch as the thirteenth special issue does submit the proper measure of damages, to wit, the difference in the reasonable market value of the automobile immediately before and immediately after said collision, and the jury found that such difference was $300 to $350, we cannot see how appellant is injured by the submission of said issue No. 12.

[8] In its ninth specification appellant complains of the submission of issue No. 6 submitted by plaintiff, which reads as follows:

"If you have answered 'Yes' to question No. 5, then would the collision have occurred if said train had not been moving more than six miles per hour?"

The issue merely embodies an element of proximate cause not of itself objectionable, and if, in connection with it, defendant wished other elements submitted, request therefor should have been made, particularly in view of the fact that the court gave in its charge an instruction as to the meaning of proximate cause, to which definition no objection was urged. We therefore find no error in the submission of issue No. 6, and the assignment is overruled.

[9] The tenth assignment urges that the finding of the jury upon the issue submitted by the court as to whether the train as it approached the crossing where the alleged accident occurred was moving at a greater rate of speed than 6 miles per hour is wholly unsupported and contradicted by the evidence submitted on the trial of the case. W. H. Eddleman testified:

"It seemed to me like the train backing across was going mighty fast * * * I do not suppose it was going over 10 miles, or maybe 15 miles. It was going pretty rapid. I should judge the train was going about 10 or 15 miles an hour, to the best of my knowledge."

Chas. H. McFarland testified:

"In my opinion, the train was coming at a rate of speed of from 16 to 18 miles an hour. You bet it was coming over 6 miles an hour."

Without quoting further testimony, we believe that the finding of the jury upon this issue was amply supported by the evidence, and, accordingly, the assignment is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.