NATIONAL EQUITABLE SOC. v. REVEIRE. (No. 6015.)

(Court of Civil Appeals of Texas. Austin. Jan. 8, 1919. Rehearing Denied March 19, 1919.)

1. APPEAL AND ERROR ⊜⟿843(2)—MATTERS NOT NECESSARY TO DECISION—REVIEW.

Whether appellant, by making no objection to peremptory instruction given, waived objection to refusal of court to submit case upon requested issues need not be passed upon, where the same result is reached in considering assignments of error based upon said refusal.

2. TRIAL ⊜⟿350(8)—SUBMISSION OF UNCONTRADICTED ISSUE.

It is improper to submit an issue of fact when the uncontradicted testimony establishes such fact.

3. BILLS AND NOTES ⊜⟿367—SUIT BY INNOCENT PURCHASER—IMMATERIAL ISSUE.

Plaintiff being an innocent purchaser for value before maturity of the note sued on, issue whether original payee insurance company, which was not a party, had obtained a permit to do business within the state was immaterial.

4. TRIAL ⊜⟿350(1) — IMMATERIAL ISSUE — SUBMISSION.

An immaterial issue should not be submitted, and a finding thereon cannot be made the basis of a judgment.

5. APPEAL AND ERROR ⊜⟿843(2)—ISSUE UNNECESSARY TO DECISION—DETERMINATION.

Where appellee in his brief concedes that collateral is worthless and consents to reformation of judgment by striking out all mention of any lien, it is unnecessary to determine whether trial court, although it found the existence of a lien, could enter judgment of foreclosure, where jury did not so find.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Suit by J. W. Reveire against the National Equitable Society. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Alva Bryan and G. W. Barcus, both of Waco, for appellant.

Rogers & Earle, of Waco, for appellee.

Findings of Fact.

JENKINS, J. This suit was brought by appellee on a note for $6,120, executed by appellant to the Peerless Fire Insurance Company, upon which there were certain credits. This note was secured by certain collateral, among which were nine notes executed by an Odd Fellows lodge at Rogers, Tex., and secured by a mortgage on certain lots in the town of Rogers. There was a prior mortgage on said lots which has been foreclosed, and the security on said lots is now worthless. Appellee is the owner of said $6,120 note, and there was due thereon at the time of the trial the sum of $2,200.85.

The court peremptorily instructed the jury as follows:

"You are instructed that you will find for the plaintiff in the sum of $2,200.85, and you will further find that the plaintiff is the owner of the nine promissory notes described in plaintiff's original petition as the Rogers lodge notes on lot 10 and 10 ft. off of the west side of lot 9, in block 13 of the original town of Rogers, Bell county, Texas, as collateral security for the purpose of securing the above indebtedness, and that plaintiff is the owner of the C. P. Little notes described in plaintiff's petition.

"Rich'd L. Munroe, Judge 54 District Court."

The jury returned a verdict as instructed. The court rendered judgment for the amount found by the jury, and also foreclosing the mortgage lien on the Rogers lots.

Opinion.

Appellant's first assignment of error is as to the refusal of the court to submit the case to the jury upon the following special issues, requested by it:

"(1) Does the note sued on herein belong to the plaintiff, or does it belong to the Peerless Fire Insurance Company?

"(2) What amount, if any, do you find is due on the note sued on herein?

"(3) Who is the present owner of the C. P. Little notes described in the plaintiff's petition?

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(4) Did the Peerless Fire Insurance Company maintain an office in the city of Waco, McLennan county, Texas, and was the transaction between the Peerless Fire Insurance Company and the National Equitable Society out of which the note in controversy arose, a transaction carried on in Texas?

"(5) Did the plaintiff, J. W. Reveire, know that the consideration given by the Peerless Fire Insurance Company to the National Equitable Society for the note sued on was for stock of the Peerless Fire Insurance Company?

"(6) Is the Peerless Fire Insurance Company a corporation organized under the laws of Arizona, and did it file its article of incorporation with the secretary of the state of Texas and obtain a permit to do business in Texas?

"(7) Was it the intention of the parties to said contract that J. W. Reveire should own the $5,656.70 note signed by the Peerless Fire Insurance Company and payable to J. W. Reveire, and secured by a note for $12,500.00, or was he to own the $6,120.00 note described in said contract?

"(8) Is the defendant an innocent purchaser for value before maturity of the note sued on?

"(9) Is J. W. Reveire, plaintiff herein, the owner of the note sued on in this cause, to wit, the note for sixty-one hundred and twenty ($6,120.00) dollars, dated August 18, 1916, due four months after date; if so, when did he become the owner of said note?

"(10) At the time J. W. Reveire obtained the possession of the note sued on herein did he know that the lien securing same on the Rogers I. O. O. F. property was released?"

Appellant excepted to the failure of the court to submit these issues, but made no objection to the peremptory instruction given by the court.

In Railway Co. v. Bartek, 177 S. W. 137, the majority of this court held that an appellant must be held to have waived all objection to the charge of the court, where he did not object to such charge, notwithstanding the fact that he requested a special charge contradictory of the general charge, and duly excepted to refusal of the court to give such special charge. The Chief Justice of this court dissented as to this holding.

[1] It is not necessary for us to pass upon this issue in the instant case, for the reason that we arrive at the same conclusion whether we do or not consider appellant's assignments of error as to the refusal of the court to submit the case upon the requested issues.

If we should hold that said assignments cannot be considered on account of the failure of appellant to object to the peremptory instruction, of course we overrule them. After a careful examination of the statement of facts, we have arrived at the conclusion that if said assignments be considered they should be overruled, for the reason that as to requested issues, except No. 6, the evidence was undisputed.

The uncontradicted evidence shows that: (1) The note sued on belonged to plaintiff; (2) the amount due thereon was the amount for which the court instructed a verdict; (3) plaintiff is the owner of the C. P. Little note; (4) the Peerless Fire Insurance Company did maintain an office in Waco, Tex., and that the National Equitable Society acquired the note sued on in Texas; (5) the consideration for the note sued on was not for stock of the Peerless Fire Insurance Company; (7) it was the intention of the parties that J. W. Reveire should become the owner of the $6,120 note described in the contract; (8) the plaintiff was an innocent purchaser for value before maturity of the note sued on; (9) J. W. Reveire became the owner of the note sued on before the filing of this suit; (10) J. W. Reveire did not know at the time he obtained said note that the Rogers I. O. O. F. property was released.

[2] It is not proper for a court to submit to a jury an issue of fact when the uncontradicted testimony establishes such fact. R. S. art. 1971; Railway Co. v. Dawson, 201 S. W. 252; Bank v. Graf, 200 S. W. 859; Greif v. Seligman, 82 S. W. 533.

[3, 4] The issue requested in the sixth special charge was immaterial. The Peerless Fire Insurance Company was not a party to this suit. An immaterial issue should not be submitted, and a finding thereon cannot be made the basis of a judgment. Krentz v. Stromeir, 177 S. W. 181; Kelley v. Ward, 94 Tex. 294, 60 S. W. 311; Railway Co. v. Eddleman, 175 S. W. 777; Petroleum Co. v. Dinwiddie, 182 S. W. 446.

Assignments of error Nos. 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 18 are overruled, for the reasons herein given for overruling the first assignment of error; that is to say, they relate to issues of fact established by the uncontradicted testimony, or to issues that are immaterial.

[5] Assignments of error Nos. 5 and 17 assign error upon the action of the court in foreclosing the lien on the Rogers lots, for the reason that the jury did not find the existence of such lien.

The fact of the existence of such lien was found by the court, as appears by the recitals in the judgment, and the uncontradicted testimony supports such finding. It is not necessary, however, for us to decide whether or not the court could enter judgment of foreclosure on the verdict of the jury and such finding made by the court, for the reason that appellee makes the following statement in his brief herein:

"Part of the collateral security constituted a lien against certain property in Rogers, Bell county, Tex. * * * Subsequent conditions have made this Rogers Lodge collateral security worthless to appellee. * * * In order to eliminate said lien as an issue in this cause, appellee is willing that this honorable court reform said judgment by striking therefrom all mention of any liens."

The judgment of the trial court is here reformed in accordance with said suggestion. In all other respects the said judgment is affirmed.

Reformed and affirmed.