LEE v. BUIE. (No. 8139.)

(Court of Civil Appeals of Texas. Dallas. May 24, 1919.)

1. APPEAL AND ERROR ⚖⟶690(6)—RECORD— OMISSION OF EVIDENCE—EXPERT OPINION.

In an action on notes given for the price of a piano, testimony of the buyer as to the market value of the instrument will not be *held* inadmissible on the ground the buyer was not an expert, but that his testimony was mere hearsay; the bill of exceptions failing to rebut the presumption that the buyer qualified himself to testify as an expert.

2. APPEAL AND ERROR ⚖⟶1050(1)—HARMLESS ERROR—EXPERT TESTIMONY.

The improper admission of alleged expert testimony as to value was harmless error, where two other witnesses testified to the same fact of value, one without objection.

3. SALES ⚖⟶38(4) — PURCHASE BY WRITTEN CONTRACT—WANT OF CONSIDERATION OR MISREPRESENTATION.

The right of a buyer to urge want or failure of consideration when sued on promissory notes given for the price, or to urge misrepresentation concerning the character or kind of the goods inducing the purchase, when relied on, is not limited because the transaction took the form of a written contract.

Appeal from Dallas County Court; W. L. Thornton, Judge.

Suit by Frank A. Lee against A. C. Buie. From judgment for defendant, plaintiff appeals. Affirmed.

George Sergeant, of Dallas, for appellant. Short & Field, of Dallas, for appellee.

RASBURY, J. Appellant sued appellee in justice court for debt evidenced by promissory notes and to foreclose chattel mortgage lien on a piano, in part payment of which the debt was incurred. Appellee defended the suit on the ground of a want or failure of consideration resulting from the false representations of appellant, upon which appellee replied, and which were that the piano was a new John Church piano of first-class workmanship and material, while in truth it was not a John Church, but a Dayton piano, a much cheaper and inferior instrument, and instead of being a new piano was a long-used, secondhand, and much inferior one, of no greater value than $75, the sum paid when purchased. There was trial de novo before jury in county court, to which the case had been appealed from the justice court, the issues of fact being submitted to the jury in form of the usual interrogatories for special verdict, and upon the answers to which judgment was entered for appellee.

[1] After introducing testimony tending to show that the piano was a secondhand one, counsel elicited from appellee, while testifying in the case, in substance, that, while he had never engaged in the piano business, he had made inquiries concerning the market value of secondhand pianos; had made it a point to learn the value of such pianos, and that their value was $75. The bill of exception recites that the witness first stated that he knew the values. It does not appear from the bill that following such statement counsel for appellant availed himself of his right to test the competency of the witness on voir dire, but objected after the facts had been elicited on the ground that the testimony disclosed that appellee was not an expert, and was merely stating his opinion based on hearsay. "A common method of proving market value is by the inference of competent observers or experts personally acquainted with the market in question." 16 Cyc. 1142. The evidence discloses that the witness was not an expert. Whether he was a competent observer may be argued either way from his testimony, since in one statement he says he inquired concerning such values, which probably indicates hearsay information, while at another point he says he made it a point to learn the

market value. He was not tested on the latter statement. He may have learned the value so testified to in such manner as to make the evidence admissible, as, for example, being cognizant of or witnessing both sales and purchases. The matter so standing, we are not prepared to say that the evidence was inadmissible, especially since the bill of exceptions fails to rebut the presumption that the witness qualified himself to testify in the capacity assumed. Hardin v. Sparks, 70 Tex. 433, 7 S. W. 770; Tex. & Pac. Ry. Co. v. Warner, 42 Tex. Civ. App. 280, 93 S. W. 489.

[2] Further, in reference to the fact sought to be established, two other witnesses testified to the same fact, one without objection, which is sufficient to support the finding of the jury, for which reason the testimony of appellee, if erroneous, does not constitute reversible error.

Appellant requested and the court refused to peremptorily direct verdict for the former. It is claimed that the court's action was error, for the reason that appellee before purchasing had ample opportunity to inspect the piano, and was not prevented by appellant from doing so, while the defects complained of were patent and discoverable by the exercise of reasonable diligence. We have carefully examined the evidence respecting the representation made concerning the character, make, and condition of the piano by the salesman and that concerning its actual character, make, and condition as testified to by appellee's witnesses, and have reached the conclusion that an issue of fact for the determination of the jury was presented, and that a finding either way by the jury would have been supported thereby.

[3] Appellant makes some contention that because the purchase and sale was by express contract it affected appellee's right to make the defenses urged. We do not understand that the right to urge a want or failure of consideration or to urge misrepresentation concerning the character or kind of a given commodity inducing purchase, when relied upon, is in any way limited, because the transaction took the form of a written contract.

Finding no reversible error in the record, the judgment is affirmed.