## FIRST NAT. BANK OF BARTLETT v. TEXAS PACIFIC COAL & OIL CO.

### No. 8077.

Court of Civil Appeals of Texas. Austin.
April 24, 1935.

J. V. Morris, of Bartlett, for appellant.

Jim Evetts, of Belton, and Byron Skelton, of Temple, for appellee.

BAUGH, Justice.

Appellee sued appellant bank and Fowler Gin Company, a partnership composed of Eugene Fowler and R. S. Thompson, upon an open account for $214.22, being the balance due for kerosene and gasoline furnished by it to, and used by, the Fowler Gin Company in operating a cotton gin during the ginning season of 1930, in Bell county, Tex. The bank denied liability and alleged that the account was solely that of the Fowler Gin Company. The case was tried to a jury upon a single special issue, in answer to which they found that the appellant bank operated said gin during the time in which said account was incurred. No objection was made to the issue as submitted and no other issues were requested. Fowler and Thompson did not deny liability and judgment was rendered jointly against them and the bank for the amount sued for; hence this appeal by the bank only.

Appellant's first proposition is that an oral promise to answer for the debt or default of another is not binding. This issue was not raised by the pleadings. Appellant apparently predicates it upon some of the testimony indicating that the bank was to pay for the materials furnished in case of the failure of Fowler Gin Company to do so. The bank was sued, however, as primarily liable for the debt under an agreement with appellee's agent to itself pay for said fuel. While such agreement was denied by officials of the bank, other witnesses testified that the agreement was made. As to the existence of such express agreement the testimony conflicted; but that issue was made by the pleadings and the evidence, its submission not requested, and it will be presumed that the trial court found thereon in support of its judgment.

The next contention is that the finding of the jury that the bank operated the gin in 1930 was without evidence to support it, and was contrary to the great preponderance of the evidence. This contention is not sustained.

Considering the evidence in the record most favorably in support of the finding of the jury, it shows the following: That prior to the opening of the 1930 ginning season title to the property was in Fowler, encumbered by a debt of more than $8,000 in favor of the bank; that Thompson and Fowler entered into a written partnership agreement at the instance of the bank, whereby Fowler was to convey to Thompson a one-half interest in the property in consideration of Thompson's personal note for $5,000, payable to the bank, and that the bank was to get the proceeds from the operation of the gin; that the cashier of said bank employed Thompson to manage the gin at a salary of $100 per month; that the bank agreed with the agent of appellee to pay for the fuel sold to Thompson by him to run the gin; that the bank received all of the net proceeds from the operation of the gin that year and applied same on Fowler's debt to the bank; and that the following year Fowler conveyed the gin property to the bank. The bank carried the gin company's account in the name of said company, but all expenses incurred by the gin company were paid out of that account; in some instances expense items being paid by the bank when the gin account had no funds. In brief, it clearly appears that the bank was directly and actively interested in the operation of the gin, under Thompson as manager, and that it received and applied all of the profits from such operation during the 1930 season to Fowler's debt. Under such circumstances we think the evidence was sufficient to authorize the jury to find that the bank itself actually operated the gin notwithstanding the partnership arrangement made at the instance of the bank between Fowler and Thompson, and though legal title to the property remained in Fowler. The evidence was sufficient to show that the bank, for the protection of its own indebtedness against the gin, assumed and exercised actual control over the operation of the gin; and that the written contract between Fowler and Thompson, who was then insolvent, prepared by or at the instance of the bank, was but an attempt on the part of the bank to avoid liability for the expenses of operating the gin. The evidence being sufficient to sustain the finding of the jury, the judgment of the trial court will be affirmed.

Affirmed.