McCONNELL et al. v. JORNS et al.

No. 10112.

Court of Civil Appeals of Texas. Galveston.
July 15, 1935.

Rehearing Denied Oct. 3, 1935.

Edgar H. Soule and Sylvain K. Lloyd, both of Houston, for plaintiffs in error.

Hunt & Hunt and H. G. Butts, all of Houston, for defendants in error.

GRAVES, Justice.

This appeal by Mrs. McConnell and husband, plaintiffs below, is from a judgment denying her any recovery against A. H. and H. T. Jorns, defendants below, for personal injuries alleged to have been received by Mrs. McConnell's having been struck by a window or window sash that fell from a skylight in the ceiling to the apartment house in which the McConnells were living that was owned and operated by the Jorns, the falling of the window being charged to have resulted from the negligence of the defendants in a number of specified particulars; this adverse judgment to the plaintiffs was entered by the court upon the jury's answers to a large number of special issues submitted, all of which were answered favorably to the defendants, and among which were findings upon the structural facts of the cause to the effect: (1) That the falling of the window had been due to an unprecedented storm and to an act of God; (2) that Mrs. McConnell's injuries had not been caused by the falling of the window, but had resulted from other and entirely disassociated things; and (3) that the injuries sustained by Mrs. McConnell on the occasion in question were the result of an unavoidable accident.

There was no request made by the plaintiffs for the submission of any other or different issues, nor were any of those submitted by the court objected to at the time; furthermore, upon the appeal there is no assignment attacking the sufficiency of the evidence to sustain the jury's findings on any of the issues that made up the verdict; wherefore, in the absence of their being called in question here, this court must assume that the verdict so rendered represents the actual facts shown.

The first attack made in the appeal upon the judgment—submitted as being fundamental, with the admission that no bills of exception nor assignments of error thereon were ever filed in or submitted to the trial court—is that the court erred in failing to submit all the ultimate controverted issues of fact that were raised by the pleadings and proof, in these particulars:

(1) In not submitting an inquiry as to whether or not the fallen window had been so fastened in the skylight as to remain in place under ordinary conditions in such weather as might reasonably have been expected or anticipated in the circumstances.

(2) In not submitting an inquiry as to whether or not the hallway, in the ceiling of which the window had been located, as well as the approaches thereto, had been in an unsafe condition for persons so using

the same as were the plaintiffs, in that the window itself had not been securely fastened in the skylight in the top of such hallway.

(3) In not submitting an inquiry as to whether or not the defendant, in permitting the window to be insecurely fastened to the skylight, anticipated, or should have so done, that it would not remain in place, but would fall into the passageway as the result of such winds and weather, or the forces acting upon it, as might reasonably have been anticipated in that community at the time and place in question.

(4) In not submitting the specific question as to whether or not the window was so fastened in the skylight "as to remain in place and not fall down in the hallway below under ordinary conditions and circumstances."

Obviously this contention cannot be sustained; in the first place, under the uncontested finding that the plaintiff suffered no damage or injury whatever as the result of the falling of this window, conceding these specified inquiries were raised as such by the plaintiffs' pleading and testimony, the failure to submit them became harmless. Hill v. Hoeldtke et al., 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Texas Electric Railway v. Jones (Tex. Civ. App.) 262 S. W. 131; Wortham v. Bull (Tex. Civ. App.) 19 S.W.(2d) 211.

In the second place, these claims of negligence in the several details as specified were not in any sense fundamental, but constituted claimed independent grounds of recovery upon the plaintiffs' part, hence were susceptible of being and in fact were waived by their failure to request the submission thereof in the trial court. Texas & P. R. Co. v. Boyle (Tex. Civ. App.) 29 S.W.(2d) 927; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Lisenbee v. Wichita Falls Building & Loan Association (Tex. Civ. App.) 82 S.W.(2d) 688; First National Bank v. Texas Pacific Coal & Oil Co. (Tex. Civ. App.) 82 S.W.(2d) 706.

The second presentment—in the form of propositions 6 to 15, inclusive—consists of criticisms of the court's charge, either by way of objections to the special issues submitted, or to its failure to submit certain other issues stated to have been raised by the pleadings and proof, or to its definition of certain terms used in the charge in submitting the cause to the jury as it did—such, for instance, as "new and independent cause," a definition of "act of God," etc.; the trouble with this latter contention is the same as that stated supra to have applied to the first, that is, as was the case with reference to the proceedings there disposed of, the record is wholly devoid of any attempt to comply with any of the requirements of article 2185, in that none of these belated objections, criticisms, and definitions were called at the trial to the attention of either opposing counsel or the trial judge, nor was any exception preserved to any action taken upon them; wherefore, since none of them were fundamental in nature, it came too late to present them for the first time after the trial and to thus urge them on the appeal to this court. See vol. 6 Vernon's Annotated Texas Civil Statutes and R. S. art. 2185, at page 174, together with footnotes 480 to 487, inclusive, and authorities therein cited.

In the state of the record thus presented, it follows that the judgment of the trial court must be affirmed; it is accordingly so ordered.

Affirmed.